**Ray WARDLE, Plaintiff-Appellant,**

v.

**The UTE INDIAN TRIBE, a Federal Chartered Corporation; Francis Wyasket; Homey J. Secakuku; Fred A. Conetah; Wilbur Cuch; Irene C. Cuch; and Gary Poowegup, Individually and as members of The Uintah and Ouray Tribe Business Committee; and Michael A. Quinn, Individually and as Chairman of The Ute Tribal Personnel Committee, Defendants-Appellees.**

No. 78–1678.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 24, 1980.

Decided June 17, 1980.

Black, Salt Lake City, Utah, with him, on brief), for plaintiff-appellant.

Scott C. Pugsley of Boyden, Kennedy, Romney & Owens, Salt Lake City, Utah, for defendants-appellees.

Before SETH, Chief Judge, HOLLOWAY and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Ray Wardle was employed as a policeman for more than seventeen years by the Ute Indian Tribe. Wardle, who is not a member of the tribe, received a notice of discharge in 1973 which explained:

> In keeping with the general tribal philosophy and policies as have been stated to all non-tribal member employees on numerous occasions over the years, it is the objective of the tribe to place qualified tribal members in all positions on the Reservation which are being funded with tribal monies. We are now of the opinion that we have several tribal members who can be trained within a short period of time to assume the responsibility of the position of Chief of Police.
>
> Therefore, we wish to thank you for the fine job that you have done for the people of the Ute Indian Tribe and notify you that you will be released from your duties as of 12:00 P.M. February 5, 1973. You will receive all of your annual leave benefits in a lump sum payment at that time.
>
> .    .    .    .    .
>
> Thank you again for the fine service you have performed for the tribe and we hope that you will understand that this step is necessary in achieving self-determination for our people and fulfilling the responsibility that has been placed upon the Business Committee to provide opportunities for our people to grow and develop.

Record, vol. 1, at 5.

Wardle filed suit in federal district court seeking damages against the Ute Indian Tribe and various tribal officials. He alleged that he was discharged in violation of the Indian Civil Rights Act, 25 U.S.C.

James M. Leventhal, Denver, Colo. (Kenneth N. Kripke, Denver, Colo., and James R.

§§ 1301 *et seq.*,[1] the Fifth Amendment to the United States Constitution, and various civil rights provisions, 42 U.S.C. §§ 1981,[2] 1983,[3] 1988,[4] and 2000d.[5]

The federal district court for Utah granted the defendants' motion for summary judgment, holding that the defendants had not violated any federally protected right, that the defendants are protected by sovereign immunity, and that the plaintiff had failed to exhaust his tribal remedies. Because we agree with the district court's first ground for granting summary judgment, the absence of any federal cause of action, we do not reach the other grounds.

Although plaintiff attempts to invoke several statutory and constitutional bases for his cause of action, his suit stems only from the allegedly improper discharge from employment. He alleges that he was discharged solely because of his race. Accordingly, the allegations of this case bring it squarely within the provision of Title VII of the Civil Rights Act of 1964 which declares that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a).

Plaintiff did not bring his suit under this provision, however, because Title VII specifically provides that "[t]he term 'employer' . . . does not include . . . an Indian tribe." 42 U.S.C. § 2000e(b)(1). Title VII also provides:

> Nothing contained in this subchapter shall apply to any business or enterprise on or near an Indian reservation with respect to any publicly announced employment practice of such business or enterprise under which a preferential treatment is given to any individual because he is an Indian living on or near a reservation.

42 U.S.C. § 2000e–2(i). Thus, Indian tribes and businesses operating on or near Indian reservations are excluded from the employment discrimination prohibitions of Title VII. The Supreme Court has explained the congressional purpose behind these exemptions for Indian tribes:

> There are the . . . affirmative provisions in the 1964 Act excluding coverage of tribal employment and of preferential treatment by a business or enterprise on or near a reservation. 42 U.S.C. §§ 2000e(b) and 2000e–2(i). . . . These 1964 exemptions as to private employment indicate Congress' recognition of the longstanding federal policy of providing a unique legal status to Indians in matters concerning tribal or "on or near" reservation employment. The exemptions reveal a clear congressional sentiment that an Indian preference in the narrow context of tribal or reservation-related employment did not constitute racial discrimination of the type otherwise proscribed.

*Morton v. Mancari,* 417 U.S. 535, 547–48, 94 S.Ct. 2474, 2481, 41 L.Ed.2d 290 (1974).

In an attempt to escape the exceptions carved out of Title VII in favor of Indian tribes, plaintiff seeks to predicate his cause of action on other federal statutes, as well as the Fifth Amendment. The Supreme Court has already indicated, in a related

---

**1.** Section 1302 provides that "[n]o Indian tribe in exercising powers of self-government shall . . . deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law."

**2.** Section 1981 provides that all persons "shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens."

**3.** On appeal, Wardle has withdrawn his claim under § 1983.

**4.** *Section 1988 authorizes federal courts to apply state law if federal law is insufficient to afford appropriate relief for civil rights violations, and authorizes an award of attorney fees to a prevailing civil rights litigant.*

**5.** Section 2000d provides that "[n]o person . . . shall, on the ground of race, color, or national origin, . . . be subjected to discrimination under any program or activity receiving Federal financial assistance."

context, that, because of "the unique legal status of Indian tribes under federal law and . . . the plenary power of Congress . . . to legislate on behalf of federally recognized Indian tribes," *Morton v. Mancari*, 417 U.S. at 551, 94 S.Ct. at 2483, federal laws granting special employment preferences to Indians do not violate the Fifth Amendment. *Id.* at 551–55, 94 S.Ct. at 2483–85. In fact, the Court concluded that the preferential treatment accorded to Indians for employment by the Bureau of Indian Affairs

> is not even a "racial" preference. Rather, it is an employment criterion reasonably designed to further the cause of Indian self-government and to make the BIA more responsive to the needs of its constituent groups. It is directed to participation by the governed in the governing agency.

*Id.* at 553–54, 94 S.Ct. at 2484 (footnotes omitted).

 The plaintiff's Fifth Amendment claim is also precluded in this case because the Fifth Amendment acts as a limit on federal governmental action only. The Fifth Amendment does not apply to actions of Indian tribes. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56, 98 S.Ct. 1670, 1675, 56 L.Ed.2d 106 (1978); *Talton v. Mayes*, 163 U.S. 376, 384, 16 S.Ct. 986, 989, 41 L.Ed. 196 (1896).

The statutory provisions upon which plaintiff relies do not provide him a cause of action, even assuming that these provisions would otherwise apply to Indian tribes and that the discharge in this case was racially discriminatory. *Cf. Morton v. Mancari*, 417 U.S. at 551–55, 94 S.Ct. at 2483–85. Each of the statutes invoked by plaintiff is a broad, general provision guaranteeing equal rights and equal protection or prohibiting racial discrimination.[6] These broad civil rights provisions do not specifically prohibit preferential employment of tribal members by Indian tribes. On the other hand, 42 U.S.C. § 2000e specifically exempts Indian tribes from compliance with the pro-

hibition against discriminatory discharge from employment. Under such circumstances, the specific provisions control over the more general ones. *See Morton v. Mancari*, 417 U.S. at 550–51, 94 S.Ct. at 2482–83.

Accordingly, neither the Fifth Amendment nor the statutory provisions relied upon by plaintiff provide him with a federal cause of action in this case.

Affirmed.