Glenda STROUD, Plaintiff,

v.

SEMINOLE TRIBE OF FLORIDA, Defendant.

No. 82–8395–CIV–JAG.

United States District Court, S.D. Florida, N.D.

Nov. 28, 1983.

William Hutchinson, Jr., Fort Lauderdale, Fla., for plaintiff.

John F. O'Donnell, Nurik, O'Donnell, Lazarus & Gillo, Fort Lauderdale, Fla., Ralph L. Flowers, Fort Pierce, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the motions of both Plaintiff and Defendant. The motions for extension of time will be dealt with in summary fashion at the conclusion of this Order. The Court focuses here on the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

## Facts

Plaintiff, a white female of Anglo-Saxon origin, sues the Seminole Tribe of Florida (Seminole Tribe or "Tribe") for violating 42 U.S.C. § 1981, 42 U.S.C. § 2000d, and the Indian Civil Rights Act (ICRA), 25 U.S.C.A. § 1302(8), (9). The Plaintiff properly alleges federal question jurisdiction.

The Plaintiff claims that on October 22, 1981, the Seminole Tribe terminated her position as Education Director for the Tribal Education Department. Plaintiff contends that the Tribe's reason for discharging her—federal budget cuts—is merely a pretext for discriminatory intentions. In support of her position, the Plaintiff points out that all of her salary is paid by the State of Florida, and she had seniority over all but two of the twenty-seven people employed in her department at the time of her discharge.

The Plaintiff has brought this class action seeking injunctive and declaratory relief, plus back pay, compensatory and punitive damages.

## Analysis

██ The Plaintiff's Amended Complaint can be dismissed except for the section 1981 claim. To begin with, the Plaintiff's attempt to bring a class action is plagued with problems. Simply stated, the Amended Complaint does not satisfy the pleading requirements of either Rule 23(a) or (b) of the Federal Rules of Civil Procedure.[1]

██ Treating the Plaintiff's claim as brought individually and not as a class will not salvage her case. Counts 1, 2, and 3 are brought under section 1302 of the ICRA.[2] The counts allege that the Tribe's actions constitute a bill of attainder, and a denial of equal protection and procedural due process, respectively. The Supreme Court of the United States has held, however, that such claims are barred by the doctrine of sovereign immunity; the Seminole Tribe is considered an independent sovereign for purposes of federal suits. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). Furthermore, the federal courts have only limited jurisdiction over suits against an Indian Tribe. Section 1303 of the ICRA is the only remedial provision supplied by Congress, and provides that the "privilege of the writ of habeas corpus" is made "available to any person, in a court of the United States, to test the legality of his detention by order of the Indian tribe." Thus, with the exception of tribal criminal proceedings, the Supreme Court has opted to allow the Indian Tribe to resolve disputes through their own 'legal' mechanisms. Observed the Court:

> [I]t is highly unlikely that Congress would have intended a private cause of action for injunctive and declaratory relief to be available in the federal courts to secure enforcement of § 1302.... Congress, aware of the intrusive effect of federal judicial review upon tribal self-government, intended to create only a limited mechanism for such review, namely, that provided for expressly in § 1303.

*Id.* at 69–70, 98 S.Ct. at 1682–83. Thus, Counts 1, 2, and 3 are hereby dismissed for lack of subject matter jurisdiction.

---

1. The Court finds that there is no live controversy involving the proposed class. At no time does the Plaintiff allege to the Court's satisfaction that there are other persons who have been subjected to allegedly discriminatory treatment by the Seminole Indian Tribe. Even if there was a live controversy, which there is not, the Plaintiff has not demonstrated either the numerosity or the typicality of her claims. The Court also finds that there does not exist an appropriate class representative who can be substituted for the Plaintiff. The Court need not address the issues raised in Rule 23(b) of the Federal Rules of Civil Procedure because the Plaintiff fails to satisfy the threshold requirements of Rule 23(a). Accordingly, the Plaintiff's class action is dismissed. *See White v. I.T.T.*, 718 F.2d 994 at 997 (11th Cir.1983).

2. Section 1302 provides, in pertinent part:

   No Indian tribe in exercising powers of self-government shall—
   (8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law;
   (9) pass any bill of attainder or ex post facto law ...

Count 4 of the Amended Complaint alleges a civil rights claim under 42 U.S.C. § 1981 and § 2000d. As to the section 1981 claim, it appears from the face of the pleadings that the Plaintiff has alleged an arguable claim. She alleges disparate employment treatment by the Seminole Tribe based on national origin. Although the Supreme Court has specifically reserved ruling on whether a claim of national origin discrimination is cognizable under § 1981, *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), the trend among lower courts seems to favor such a cause of action. *See Whatley v. Skaggs Co.*, 502 F.Supp. 370 (D.Colo. 1980); *Ortega v. Merit Insurance Co.*, 433 F.Supp. 135 (N.D.Ill.1977).

Whether a white female can use section 1981 as a remedial device is more problematic, because the pleading requirements of a reverse discrimination case are more rigorous. *Setser v. Novack Investment Co.*, 657 F.2d 962 (8th Cir.), *cert. denied*, 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981). The burden of proof shifts to the defendant to show that his employment decision was reasonable and not purposefully discriminatory. The Defendant here must provide some proof of this before the Court can dismiss the Plaintiff's section 1981 claim.

The Plaintiff's section 2000d claim is much easier to dispose of on Defendant's motion for dismissal. Section 2000d of Title 42 provides that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits, or be subjected to discrimination under any program or activity receiving federal financial assistance.

The threshold requirement in a section 2000d suit is proof of a material connection between the federal assistance and the expenditures purportedly due the challenger. *See Drayden v. Needville Independent School District*, 642 F.2d 129, 132–33 (5th Cir.1981); *Stewart v. New York University*, 430 F.Supp. 1305 (S.D.N.Y.1976); *McLeod v. College of Artesia*, 312

F.Supp. 498, 502 (D.N.M.1970). Although the Plaintiff correctly points out that the Seminole Tribe receives federal funds, Amended Complaint ¶ 29 (filed Nov. 22, 1982), there is no showing either that the Tribe discriminatorily administered the funds or that the Plaintiff received, or was to receive, any federal money. In fact, in paragraph nine of her Amended Complaint, the Plaintiff avers: "One-half of plaintiff's salary was paid out of State Adult and Community Education funds; and the other portion of plaintiff's salary was paid from the State Vocational Education funds." In short, Plaintiff does not allege, as section 2000d requires, that the Tribe discriminatorily distributed federal funds to which she had a claim of right.

To review, the Defendant's motion to dismiss Plaintiff's First Amended Complaint is GRANTED IN PART AND DENIED IN PART. That portion of the Complaint plead as a class action is completely dismissed. As to the counts brought by Plaintiff in her individual capacity, Counts 1, 2, and 3 of the First Amended Complaint are dismissed. Count 4 of the First Amended Complaint remains viable only in its individual capacity as brought under 42 U.S.C. § 1981.

The Plaintiff also has moved this Court for an extension of time to respond to the Defendant's motion to dismiss. The Court has considered the motion, and being otherwise duly advised, it is ORDERED AND ADJUDGED that the Motion for Extension of Time be and the same is hereby DENIED. The Court's conclusions herein are based on a review of the relevant law, and no additional pleadings are necessary to resolve the threshold questions of law presented.

The Defendant's other outstanding motions in this cause are considered below:

1. The Defendant's Motion for an Extension of Time to file a responsive pleading or motion addressed to Plaintiff's Complaint be and the same is hereby GRANTED. The Defendant has up to and including October 17, 1983, to file its response.

2. The Defendant's Motion to Restrict the Plaintiff's relief under Count 4 to the declaratory and injunctive relief requested in subparagraph (a) of the prayer for relief be and the same is hereby GRANTED.

3. The Defendant's Motion to Strike the Plaintiff's demand for jury trial be and the same is hereby DENIED.