Glenda STROUD, Plaintiff,

v.

SEMINOLE TRIBE OF FLORIDA, Defendant.

No. 82–8395–CIV.

United States District Court, S.D. Florida, N.D.

April 22, 1985.

William Hutchinson, Ft. Lauderdale, Fla., Ralph Flowers, Ft. Pierce, Fla., for plaintiff.

Jack O'Donnell, Ft. Lauderdale, Fla., for defendant.

ORDER OF DISMISSAL

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the defendant's motion for summary judgment.

Plaintiff Glenda Stroud alleges that defendant Seminole Tribe of Florida terminated her position as Education Director for the Tribal Education Department solely because she was white. In support of her claim, plaintiff would show that after her discharge the Tribe hired an Indian to fill the vacant position, and that tribal members were retained in other positions that presumably were subject to the same budget constraints that affected plaintiff's employment status.

Plaintiff's amended complaint originally charged defendant with violating 42 U.S.C. § 1981, 42 U.S.C. § 2000d, and the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1302(8), (9). This court has jurisdiction over the matter because of the federal questions presented.

By previous orders, the court already has ruled that (1) plaintiff may not maintain the instant suit as a class action, Order at 2 (Nov. 28, 1983) 574 F.Supp. 1043; (2) the doctrine of sovereign immunity bars plaintiff's claims brought under the ICRA, id.; and (3) plaintiff fails to state a claim for relief under section 2000d. Thus, plaintiff's case is now one for damages, declaratory and injunctive relief under section 1981. Order (Sept. 11, 1984).

The sole issue presented by defendant's motion is whether the doctrine of sovereign immunity precludes plaintiff's claim for relief under 42 U.S.C. § 1981?

The United States Court of Appeals for the Tenth Circuit addressed that very question in *Wardle v. Ute Indian Tribe*, 623 F.2d 670 (10th Cir.1980). Ray Wardle, plaintiff in that case, was discharged as a policeman because the Indian Tribe wanted to replace him with a tribal member. Mr. Wardle sued the Tribe in federal court, seeking damages for its alleged violation of the ICRA, the Fifth Amendment to the United States Constitution, and various civil rights provisions including 42 U.S.C. §§ 1981, 1983, 1988 and 2000d. The appellate court affirmed the district court's dismissal of the case, reasoning that the Tribe had not violated any federally protected rights by discharging the plaintiff.

■ Controlling in *Wardle*, as here, is the fact that the Constitutional or statutory guarantees are not applicable to the exercise of governmental powers by an Indian tribe except to the extent that they are made explicitly binding by the Constitution or an Act of Congress. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); *Talton v. Mayes*, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196 (1896); *Janis v. Wilson*, 521 F.2d 724 (8th Cir.1975); *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529 (8th Cir.1967). Both the Constitution and the Congress have recognized the sovereignty of the Indian tribes, and thus they are subject to federal laws only when Congress expressly so declares. Such a declaration can be found in Title VII, which permits the Tribes to prefer tribal members over non-members in their employment practices, *see* 42 U.S.C. § 2000e; or in section 1303 of the ICRA, which provides that the writ of habeas corpus is the only remedy available for those tribal members who wish to contest the legitimacy of their confinement by a tribal court. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 69–70, 98 S.Ct. 1670, 1682–83, 56 L.Ed.2d 106 (1978); *see* 25 U.S.C. §§ 1302, 1303.

■ Congress has not, however, expressly or impliedly extended section 1981 to the

employment practices of the Indian tribes. The *Wardle* court explained:

> The statutory provisions under which plaintiff relies [including 42 U.S.C. § 1981] do not provide him a cause of action, even assuming that these provisions would otherwise apply to Indian tribes and that the discharge in this case was racially discriminatory. *Cf. Morton v. Mancari,* 417 U.S. [535] at 551–55, 94 S.Ct. [2474] at 2483–85 [41 L.Ed.2d 290 (1974)]. Each of the statutes invoked by plaintiff is a broad, general provision guaranteeing equal rights and equal protection or prohibiting racial discrimination. *These broad civil rights provisions do not specifically prohibit preferential employment of tribal members by Indian tribes.* On the other hand, 42 U.S.C. § 2000e specifically exempts Indian tribes from compliance with the prohibition against discriminatory discharge from employment. *Under such circumstances, the specific provisions control over the more general ones.*

623 F.2d at 673 (emphasis added).

Based on the aforesaid law and policy, the inescapable conclusion is that defendant's motion for summary judgment must be granted. Accordingly, this case shall stand dismissed without prejudice.