Juan MARTINEZ, et al., Plaintiffs,

v.

BERLEKAMP FARMS, INC., et al., Defendants.

No. C 85–7726.

United States District Court, N.D. Ohio, W.D.

May 8, 1986.

Peter O'Brian Dellinger, A.B.L.E., Toledo, Ohio, for plaintiffs.

Charles D. Hering, Jr., Tomb & Hering, Tiffin, Ohio, for Berlekamp Farms, Inc., and Ray C. Berlekamp.

Raul Santos, Stuart, Fla., for Raul Santos.

## MEMORANDUM and ORDER

WALINSKI, Senior District Judge.

This cause is before the Court on motions to dismiss filed by defendants Ray C. Berlekamp and Berlekamp Farms, Inc., pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure. Also before the Court is plaintiffs' response to defendants' motion. The complaint alleges violations of plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act of 1983, 29 U.S.C. § 1801, *et seq.* ("Act"). Jurisdiction is predicated upon 28 U.S.C. § 1337. For the following reasons, the Court finds defendants' motion not well taken.

Defendants advance two arguments in support of their motion to dismiss. First, defendants assert that they are exempt from the provisions of the Act. Second, defendants contend that plaintiffs' complaint is barred by the statute of limitations. Pursuant to Rule 12(b), Fed.R. Civ.P., because matters outside the pleadings have been presented to the Court, defendants' motion to dismiss will be treated as a motion for summary judgment.

Rule 56, Fed.R.Civ.P., directs the disposition of a motion for summary judgment. In relevant part Rule 56(c) states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the Court's function is to determine if any genuine issue exists, not to resolve any factual issues, and to deny summary judgment if such an issue exists. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Tee-Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193 (6th Cir.1974). Further, "[i]n ruling on a motion for summary judgment, the Court must construe the evidence in its most favorable light for the party opposing the motion and against the movant." *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir.1962). To summarize, if the movant demonstrates that he is entitled to a judgment as a matter of law, then the Court must next weigh the evidence in a light most favorable for the party opposing the motion; if reasonable minds could differ as to a material fact in issue, then a genuine factual dispute exists and the motion for summary judgment must be denied.

Rule 56(e) places a responsibility on the party against whom summary judgment is sought to demonstrate that summary judgment is improper, either by showing the existence of a material question of fact or that the underlying substantive law does not permit such a decision. In relevant part the provision states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Rule 56(e), Fed.R.Civ.P.

■ Initially, defendants Berlekamp Farms, Inc. and Ray C. Berlekamp maintain that they are not subject to the provisions of the Act because they fall within the family business exemption contained in § 1803(a)(1). Defendants contend that plaintiffs, at best, have alleged in their complaint that defendants Berlekamp Farms, Inc. and Ray C. Berlekamp are "agricultural employers" within the meaning of the Act. It is defendants' position that the Act was passed in an attempt to regulate the activities of "farm labor contractors" and not of farmers such as themselves. In support of their contention, defendants direct the Court to the decisions of several courts interpreting the Farm Labor Contractor Registration Act of 1963 ("FLCRA"). Although the FLCRA has been replaced by the Agricultural Worker Protection Act of 1983, defendants assert that the FLCRA's purpose, that of regulation of the "middlemen" between the farms and the migrant workers, rather than of the farmer, has not changed over the years. It is defendants' contention that § 1803(a)(1) of the Act provides an exemption for the Berlekamp farm as a "family business". Section 1803(a)(1) states as follows:

(a) The following persons are not subject to this chapter:

(1) Family business exemption.—Any individual who engages in a farm labor contracting activity on behalf of a farm, processing establishment, seed conditioning establishment, cannery, gin, packing shed, or nursery, which is owned or operated exclusively by such individual or an immediate family member of such individual, if such activities are performed only for such operation and exclusively by such individual or an immediate family member, but without regard to whether such individual has incorporated or otherwise organized for business purposes.

In support of their contention, defendants have submitted to the Court the affidavit of defendant Ray C. Berlekamp, president of defendant Berlekamp Farms, Inc. Therein defendant states that Berlekamp Farms, Inc. is an Ohio corporation, whose only business is farming. Defendant further states that its shares of stock are owned solely by members of the Ray C. Berlekamp family. Although defendants sometimes use migrant workers in their business, defendant Berlekamp states that "at no time does it contract with, recruit, house, find employment for, or in any way deal with migrant farm workers for purposes other than its own operations and only through independent third party crew leaders." Therefore, defendants Ray C. Berlekamp and Berlekamp Farms, Inc. maintain that they fall within the exemption as provided in § 1803(a)(1).

In response, plaintiffs argue that defendant Berlekamp is precluded from claiming the exemption under § 1803(a)(1). Plaintiffs contend that the Act's legislative history clearly explains the exemption's limited scope:

The family business exemption applied "when and only when it is exclusively owned or operated by an immediate family member, and that when any farm labor contracting activity is performed exclusively for such family business, that it is *performed exclusively by such immediate family members,* and exclusively for that family business." (emphasis supplied)

H.R.Rep. 97–885, 97 Cong. 2nd Sess., (Sept. 28, 1982), *reprinted in* [1982] U.S.Code Cong. & Admin.News, 4547 at 4556. It should be noted that "farm labor contracting activities" are defined in § 1802(6) as "recruiting, soliciting, hiring, employing,

furnishing, or transporting any migrant or seasonal agricultural worker."

Accordingly, plaintiffs maintain that in order for the family business exemption to apply; (1) an immediate family member must own or operate a farm; and (2) the immediate family members are the only persons to recruit, hire, solicit, employ, furnish or transport migrant workers. Plaintiffs submit that if a non-family member engages in any of these "farm labor contracting activities," then the exemption is not available to such an agricultural employer. Plaintiffs argue that defendant Ray C. Berlekamp admits, through his own affidavit, that farm labor contracting activities, as defined under the Act, are performed by "independent third party crew leaders." Thus, plaintiffs maintain that defendants are statutorily precluded from asserting the family business exemption under the Act.

It is clear from the legislative history surrounding the Act's passage that defendants Berlekamp and Berlekamp Farms, Inc. may not avail themselves of the family business exemption provided in § 1803(a)(1). Replacing the FLCRA, the Act was promulgated in an attempt to correct the weaknesses of the earlier statute. The Act corrects a key weakness of the FLCRA which held only the "farm labor contractor" liable for abuses and afforded protection to those employers not falling within the statute's narrow definition. 128 Cong.Rec. H 10456 (daily ed. December 20, 1982) (Statement of Rep. Ford). Under the Act, certain obligations are placed upon farmers, known as "agricultural employers". Defendants do not contend that they are not agricultural employers within the meaning of the Act, rather they submit that their farming operation falls within the exemption of § 1803(a)(1). Clearly, however, defendants' use of independent third party crew leaders in their farm operation disqualifies them for the family business exemption under the Act. The legislative history makes clear that the exemption is not to be applied when farm labor contracting activity is performed by non-family members such as in the present case.

Accordingly, the Court finds defendants' first basis in support of their motion for summary judgment not well taken.

■ Defendants' second argument in support of their motion is that plaintiffs' complaint is barred by the statute of limitations. In the absence of a specific limitations period in the Act, courts generally "apply the most closely analogous statute of limitations under state law." *Del Costello v. Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). Defendants, however, submit to the Court that there is no provision in Ohio law which is analogous to this Act. Thus, defendants suggest that the Court adopt the six month statute of limitations provided in the administrative remedies provision of § 1854(b) of the Act or the six month limitations period from § 10(b) of the National Labor Relations Act, as amended ("NLRA"), as used in *Del Costello.* Accordingly, under a six month limitations period, defendants assert that plaintiffs' complaint, filed some twenty-three months after the alleged violations occurred, is untimely.

Plaintiffs, on the other hand, urge the Court to adopt the six year statute of limitations contained in § 2305.07, O.R.C., or the two year limitations period provided in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 255(a). Plaintiffs maintain that defendants dismissed too quickly the possibility of analogous statutes of limitations from Ohio State law. Further, plaintiffs state that courts have applied state statutes of limitations to this Act's predecessor, FLCRA, *Rivera v. Anaya,* 726 F.2d 564 (9th Cir.1984), and argue that these state statutes remain the most analogous statutes to claims brought under the present act.

Section 2305.07 of the Revised Code provides that:

> Except as provided in § 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be

brought within six years after the cause thereof accrued.

Plaintiffs assert that § 2305.07 can provide the statute of limitations for the Act when violations are based upon breaches of oral contract and for violations of rights which would not exist but for the Act. Thus, plaintiffs argue that the allegations contained in the complaint can be analogized to this state statute of limitations.

Alternatively, plaintiffs assert that should the Court not find an analogous state statute and consider a federal statute of limitations, the two year limitations period contained in the FLSA provides the most analogous federal limitations period. Plaintiffs submit that the FLSA is directly relevant to many protections guaranteed to farm workers under the present act. Specifically, plaintiffs note that the Act adopts certain definitions as set forth in the FLSA. Additionally, neither statute applies to agricultural employers who do not meet the 500 man-day requirement, 29 U.S.C. §§ 213(a)(6)(A) and 1803(a)(2). Finally, plaintiffs state that record keeping requirements and itemized pay records required under § 1821(d) of the Act, violations of which are alleged in plaintiffs' complaint, are the same under § 216 of the FLSA. Therefore, plaintiffs maintain that the two year limitations period contained in § 255(a) of the FLSA is the most analogous federal statute of limitations and thus argue that their claims were timely filed within two years after the cause of action accrued.

In situations such as this where there is no federal statute of limitations expressly applicable to the suit, courts generally apply the most closely analogous statute of limitations. *Del Costello v. Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). In the present case, it is clear that both limitations periods advanced by plaintiffs are more analogous to this Act than either of the statutes of limitations proposed by defendants. If Congress had intended for this Act to utilize the six month limitations period as contained in the administrative remedies provi-

sion of §§ 1854(b) or 1855(b) of the Act, then certainly Congress would have included that in the Act. Furthermore, requiring plaintiffs to bring litigation within 180 days or less would place severe time constraints and an unfair burden upon farmworkers during settlement negotiations with potential defendants. Clearly, defendants' proposed time limits disregard the policy considerations surrounding this Act and the practicability of litigation involving migrant farmworkers. In enacting this legislation, it was Congress' intention to "ensure full access to the federal courts by injured private parties." H.R.Rep. No. 97–885, 97th Cong. 2nd Sess. (Sept. 28, 1982) *reprinted in* [1982] U.S.Code Cong. & Admin.News, 4547 at 4567. This would hardly be the result if the Court adopted one of the six month statutes of limitations advanced by defendants. Additionally, the Court finds defendants' suggested application of the six month limitation period from § 10(b) of the NLRA to the instant case without merit. Section 301 suits alleging wrongful discharge and unfair representation are not analogous to suits under this Act. This case does not involve a collective bargaining agreement with defendants, a union's duty of fair representation with defendants, or a written agreement with defendants to submit labor disputes to arbitration. Moreover, farmworkers such as plaintiffs are statutorily precluded from coverage under the NLRA. 29 U.S.C. § 152. Accordingly, the Court finds that defendants' proposed statutes of limitations are not analogous to the instant case.

Plaintiffs, on the other hand, assert that the Court should adopt either the six year limitations period provided in § 2305.07, or the two year period contained in the FLSA. Courts have applied state statutes of limitations to FLCRA, this Act's predecessor. *Rivera v. Anaya,* 726 F.2d 564 (9th Cir. 1984). The most analogous state statute of limitations in this case is the six year limitations period contained in § 2305.07, O.R.C. Clearly, plaintiff's allegations result from either defendants' alleged breach of an oral contract with plaintiffs or liabilities which would not exist but for the Act.

Therefore, plaintiffs' allegations are analogous to an action governed by the six year limitations period of § 2305.07, O.R.C. Additionally, the Court finds that plaintiffs' claims under the Act are analogous to claims filed under the FLSA. In fact some violations alleged in plaintiffs' complaint are also violations under the FLSA. Plaintiffs' claims were timely filed under either the six year limitations period of § 2305.07, O.R.C., or the two year limitations period of the FLSA, 29 U.S.C. § 255(a).

Accordingly, the Court finds that plaintiffs' complaint was timely filed and that defendants' second basis for summary judgment is not well taken.

Accordingly, it is

ORDERED that defendants' motion for summary judgment is denied.