**ESTADOS UNIDOS MEXICANOS,**
**et al., Plaintiffs,**

v.

**Austin J. DECOSTER,**
**et al., Defendants.**

**No. Civ.A. 98–186–P–H.**

United States District Court,
D. Maine.

May 26, 1999.

Harold J. Friedman, Friedman, Babcock & Gaythwaite, Portland, ME, for Plaintiffs.

Timothy J. O'Brien, Verrill & Dana, Portland, ME, for Defendant Decoster.

Thomas H. Somers, Hoff, Curtis, Pacht, Cassidy & Frame, Portland, ME, Kerin E. Stackpole, Hoff, Curtis, Pacht, Cassidy & Frame, Burlington, VT, for Defendant Maine AG & Quality Egg.

## ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

HORNBY, Chief Judge.

The issue here is what statute of limitations applies to a Count seeking relief under the Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801–72, for an employer's provision of unsafe housing, violations of statutory disclosure and posting requirements, and provision of false and misleading information concerning the terms and conditions of employment. *See* Compl. at. ¶ 52. I conclude that Maine's six-year statute, 14 M.R.S.A. § 752, applies. Therefore, the defendants' motion for summary judgment on Count II is DENIED.

■ The parties agree that the AWPA contains no express statute of limitations. When a federal statute creates a cause of action but does not expressly provide a statute of limitations, the limitations period depends on the date that the statute was enacted. For causes of action under statutes enacted after December 1, 1990, the limitations period is four years. *See* 28 U.S.C. § 1658. For other statutory causes of action, the limitations period is determined by borrowing from some analogous statute. The AWPA was enacted in 1983; accordingly, the parties agree that I should "borrow" a statute of limitations for the AWPA, but they disagree over which one I should borrow.

The plaintiffs argue that I should borrow Maine's six-year limitations period, 14 M.R.S.A. § 752. The defendants argue that the proper limitations period should be borrowed from federal law, specifically, the six-month limitation on the Secretary of Labor's issuance of a citation under the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 658(c).[1] I conclude that the plaintiffs are correct.

■ In general, a federal court should borrow a limitations period from state law. *See North Star Steel Co. v. Thomas,* 515 U.S. 29, 34–35, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995). Resort to an analogous federal statute is proper only when two conditions are met: (1) the federal statute "clearly provides a closer analogy than available state statutes," *and* (2) "the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *DelCostello v. International Broth. of Teamsters,* 462 U.S. 151, 172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *accord North Star Steel Co.,* 515 U.S. at 35, 115 S.Ct. 1927; *Reed v. United Transp. Union,* 488 U.S. 319, 324, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989). Neither condition applies here.

### 1. Federal Law Does Not Clearly Provide a Closer Analogy to the AWPA Than State Law Does

The defendants acknowledge that Maine's Housing Standards for Agricultural Labor Act, 26 M.R.S.A. § 586, is closely analogous to the AWPA. *See* Defs.' Mot. for Summ.J. at 4. They further acknowledge that the Maine statute authorizes a private civil action for people aggrieved by violations of the state statute and regulations promulgated thereunder. *See id.* The state statute, by its terms, does not apply to employers subject to the AWPA, *see* 26 M.R.S.A. § 586, but it subjects such employers to regulations that must be identical to federal regulations promulgated under the AWPA. *See id.* In other words, the state statute clearly is intended to fill any gaps in the AWPA by subjecting employers not regulated under the AWPA to a state regulatory scheme with requirements identical to the AWPA requirements. Thus, the state statute here is not merely closely analogous to the federal statute, it is part of what the State seems

---

1. In their reply brief, the defendants for the first time argued that the appropriate limitations period should be borrowed from the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 255(a), if not from the OSHA. The argument fails for the same reason that the OSHA argument fails: there is no reason to borrow from federal law in this case.

to regard as a single federal-state cooperative regulatory program. State law thus provides a closer analogy than any other federal statute.

Nonetheless, the defendants claim I should borrow from federal law on the ground that the state statute contains no limitations period. It is true that the section of the state statute that creates a private right of action makes no reference to a statute of limitations, see 26 M.R.S.A. § 588(2), but Maine's catchall statute of limitations applies to such actions. With exceptions not relevant to this case, "civil actions" in Maine carry a six year statute of limitations, see 14 M.R.S.A. § 752, and the Maine farm worker protection statute creates a right to maintain a "civil action," 26 M.R.S.A. § 588(2). Thus, the six-year statute of limitations applies.

### 2. Federal Law Is Not Significantly More Appropriate in Light of Relevant Policy and Pragmatic Concerns

The defendants claim that OSHA's six-month period is best suited to AWPA cases for two policy reasons. (They make no similar argument for the FLSA). First, the defendants claim that the short limitations period promotes a rapid resolution of problems with living and working conditions. There is some merit to this argument, but I note that the Supreme Court has stated, with reference to a different federal worker-protection statute (the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109, which requires notice to employees prior to a plant closing or major layoff) that a state six-year limitation period is not long enough to frustrate the interest in the rapid disposition of labor disputes, see North Star Steel Co., 515 U.S. at 36, 115 S.Ct. 1927. Second, the defendants claim that the short limitations period is suited to these cases because migrant workers are likely to be important fact witnesses;

allowing a plaintiff more time to file may prejudice the defendant, who will be unable to locate the plaintiff's co-workers to obtain testimony. While there is some force to this argument, there are arguments against the short period that are at least equally compelling. First, plaintiffs in such cases are likely to face significant language and cultural barriers that will increase the time that it takes them to find representation. Second, the sums involved in individual suits are likely to be small in the ordinary case, and class actions may be the only practical vehicle for plaintiffs to obtain relief; but a meaningful class in many cases will need to consist of individuals who suffered harm more than six months apart from one another. In order to displace the state-law limitations period, the federal period must be "significantly more appropriate" than the period drawn from state law; whatever the relative merits of the two periods, the balance does not clearly favor the OSHA period.

Nor is the interest in a uniform federal rule sufficient to overcome the presumption in favor of turning to state law. The Supreme Court has refused to turn to federal law in preference to state law merely to avoid a multiplicity of limitations periods. See North Star Steel Co., 515 U.S. at 36, 115 S.Ct. 1927. Moreover, the Court has suggested that where claims are likely to focus on activities at a single workplace, the burden that state-by-state variation in statutes of limitations places on the employer is not sufficient to require a uniform federal rule. See id. at 36–37, 115 S.Ct. 1927. Even in cases where a uniform federal rule is required, the Court does not always draw the uniform rule from federal law. See Wilson v. Garcia, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding that all § 1983 actions should be subject to the relevant state's statute of limitations for personal injury actions). Under the rule reaffirmed in North Star Steel Co., borrowing from federal law would clearly be improper in this case.[2]

---

**2.** Indeed, the defendants have not pointed to any case in which a court has borrowed a federal limitations period for an AWPA claim.

The most helpful case they have been able to provide did not decide that a federal period should apply; the court simply denied sum-

For the foregoing reasons, the proper limitations period on the plaintiffs' AWPA claims is six years. Accordingly, the defendants' motion for partial summary judgment on Count II is DENIED.

So ORDERED.

mary judgment on the grounds that, even if the federal period applied, the plaintiff's action would not be barred. *See Martinez v.*

*Berlekamp Farms, Inc.,* 635 F.Supp. 1191, 1195–96 (N.D.Ohio 1986).