Jean Claude MARQUIS, Innocent Desir, Miclise Ocsuis, Edvar Nicholas, Wilfred Pierre, Hubert Delva, Luc Africain, Misius Tanus, Kesnel Olibrice, Prenance Sommerville, Jean Claude Madel, Valet Charles, Wilnor Valsaint, Paul Calixte, Sauveur Atilus, Merilien Pierrisaint, Soelle D'afinice, Frisner Sentil, Pierre Petit-Dor, Osijean Saint Fort, and all others similarly situated, Plaintiffs,

v.

UNITED STATES SUGAR CORPORATION, Atlantic Sugar Association, Gulf and Western Food Products, Co., Osceola Farms Co., Sugar Cane Growers Cooperative of Florida, Cane Contractors Inc., Sugar Cane Harvesting, Inc., Shawnee Farms, Inc., Okeelanta Corp., and Florida Fruit and Vegetable Association, Defendants.

No. 85–8388–CIV.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Jan. 30, 1987.

Charles Kelso, Ann Margaret Pointer, David P. Brenskelle, Phillips M. Smalling, Fisher & Phillips, Atlanta, Ga., Charles S. Caulkens, Fisher & Phillips, Fort Lauderdale, Fla., for defendants.

Kristine Poplawski, Edward J. Tuddenham, Farmworker Justice Fund, Washington, D.C., James Green, Green, Eisenberg, & Cohen, West Palm Beach, Fla., Gregory Schell, Susan Campernolle, Legal Aide Bureau, Inc., Salisbury, Md., for plaintiffs.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion to Dismiss filed by defendants in this action. Defendants are corporations involved in producing and harvesting sugar cane in South Florida. Defendant Florida Fruit and Vegetable Association is an association owned and controlled by its members, including each of the defendants named in the complaint. The FFVA acts as an agent for its members with respect to the recruitment, selection, hiring and transporting of United States and foreign cane harvest workers hired by defendants.

Plaintiffs are United States migrant farmworkers who have either sought employment or were employed by defendants at any time since January 1, 1980. This action challenges plaintiffs' exclusion from job opportunities in the Florida sugar cane industry. Plaintiffs claim that they have been systematically excluded from working as sugar cane cutters in favor of foreign laborers.

The hiring of foreign laborers by defendants is highly regulated. Non-immigrant aliens may be admitted into the United States to provide temporary labor or services only if unemployed persons capable of performing such services cannot be found in the United States. 8 U.S.C. §§ 1101(a)(15)(H)(ii) and 1184(c); 20 C.F.R. part 655. Department of Labor (DOL) regulations set forth requirements for determining the availability of U.S. workers and for determining whether an "adverse effect" will result from hiring foreign workers.

Plaintiffs' complaint avers that defendants prefer to hire foreign workers because they can be more selective in the hiring process. As a result, defendants allegedly use unlawful methods of excluding domes-

tic workers from the labor force. Plaintiffs allege that defendants manipulate the amount of sugar cane that U.S. workers must cut in order to maintain their jobs, discharge plaintiffs and other domestic workers for arbitrary and discriminatory reasons and maintain an industry wide blacklist against workers who have not completed a prior work contract. Plaintiffs also allege that defendants have abolished wage or benefit competition among themselves.

Plaintiffs have filed suit under federal and state antitrust laws; the Wagner-Peyser Act, 29 U.S.C. § 49 *et seq.;* the Farm Labor Contractor Registration Act (FLCRA), 7 U.S.C. § 2041 *et seq.;* and the Migrant and Seasonal Agricultural Worker Protection Act (MSPA), 29 U.S.C. § 1801, *et seq.* Plaintiffs also seek relief for violations of their civil rights under 42 U.S.C. §§ 1981 and 1985(3). Plaintiffs seek declaratory and injunctive relief as well as actual, statutory and punitive damages.

Defendants have moved to dismiss the complaint, or in the alternative, for summary judgment. A motion to dismiss may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Furthermore, the allegations in the complaint must be construed favorably to the plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A motion for summary judgment may be granted only when the pleadings, admissions and affidavits show there is no genuine issue of material fact. Fed.R.Civ.P. 56; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., et al,* — U.S. —, —, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The court has considered the pleadings and all matters on file and has heard the argument of counsel. The court has determined the plaintiffs' complaint must survive a motion to dismiss and, further, that genuine issues of material facts do exist. Defendants have raised several issues that require further discussion.

## I. EXHAUSTION OF REMEDIES

Defendants move to dismiss plaintiffs' complaint in its entirety because plaintiffs have failed to exhaust their administrative remedies through the Job Service Complaint System, 20 C.F.R. 658.400 *et seq.*

Exhaustion of remedies may not be required where claims are grounded upon the Civil Rights Act, *Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) or upon the Sherman Act, *Midland Telecasting Co. v. Midessa Television Co.,* 617 F.2d 1141, 1149 (5th Cir.) *cert. denied,* 449 U.S. 954, 101 S.Ct. 361, 66 L.Ed.2d 219 (1980). Neither the FLCRA nor the MSPA require that alternative administrative remedies be exhausted prior to suit under those acts. 7 U.S.C. § 2050a, *repealed by* 29 U.S.C. § 1801, note; 29 U.S.C. § 1854.

Only plaintiffs' claims under the Wagner-Peyser Act, 29 U.S.C. § 49, *et seq.* arguably require exhaustion of administrative remedies. The court finds that, notwithstanding *Farmworker Rights Organization (FRO) v. Weatherford,* 767 F.2d 937 (11th Cir. 1985), plaintiffs' complaint under the Wagner-Peyser Act may stand.

"Courts will not require exhaustion when the administrative remedy is inadequate because it does not exist, or would not provide relief commensurate with the claim...." *Panola Land Buyers Association v. Shuman,* 762 F.2d 1550, 1556 (11th Cir.1985). Unlike *FRO,* where plaintiffs sought injunctive relief against the administrator of the U.S. Employment and Training Administration and the District Director of INS District 6, plaintiffs in this action seek damages and injunctive relief against private persons.[1] The sole sanction

---

**1.** This action is not barred by the doctrine of *res judicata.* The court dismissed the FRO complaint for lack of standing and did not issue a decision on the merits. Therefore, there is no bar against the present action. *See American National Bank v. Federal Deposit Insurance Corp.,* 710 F.2d 1528, 1535–36 (11th Cir.1983).

available under the Job Service Complaint System is discontinuation of services to an offending employer. 20 C.F.R. § 658.-416(d)(4). While services may be reinstated if the employer makes restitution or takes remedial action for the complainant, 20 C.F.R. §§ 658.504(a)(2)(ii) and 658.502 (a)(5)(ii), plaintiffs have no assurances of relief should they prevail on the merits. Compliance with the DOL regulations by employers is voluntary. It is clear that the administrative remedies available to plaintiffs may provide insufficient relief for the allegations set forth in their complaint.

## II. IMPLIED ANTITRUST IMMUNITY

Defendants argue that their conduct is exempt from antitrust challenge because their actions are highly regulated by DOL regulations. However, "repeals of the antitrust laws by implication from regulatory statutes are strongly disfavored." *United States v. Philadelphia National Bank,* 374 U.S. 321, 350–51, 83 S.Ct. 1715, 1734–35, 10 L.Ed.2d 915 (1963). Implied repeals are found only where a defendant makes a "convincing showing of clear repugnancy between the antitrust laws and the regulatory system." *United States v. National Association of Securities Dealers (NASD),* 422 U.S. 694, 719–720, 95 S.Ct. 2427, 2442–2443, 45 L.Ed.2d 486 (1975); *Gordon v. N.Y.S.E.,* 422 U.S. 659, 682, 95 S.Ct. 2598, 2611, 45 L.Ed.2d 463 (1975).

■ Defendants have failed to show a "clear repugnancy" between the antitrust laws and the DOL regulations, 20 C.F.R. part 655, the Wagner-Peyser Act, 29 U.S.C. § 49 *et seq.* or the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* No congressional intent to exempt importers of agricultural foreign labor from national antitrust policies can be gleaned from either of the statutes or the DOL regulations. Defendants therefore are not immune from antitrust liability.

## III. PRIVATE CAUSE OF ACTION UNDER THE WAGNER–PEYSER ACT

The court also rejects defendants' argument that plaintiffs have no private cause of action under the Wagner-Peyser Act or its regulations. In *Gomez v. Florida State Employment Service,* 417 F.2d 569 (5th Cir.1969), the court held that a private cause of action for violations of the Wagner-Peyser Act did exist. However, as plaintiffs concede, the Supreme Court has subsequently set narrower standards for determining whether private rights of action may be implied from federal statutes. *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975).

■ At least one court has re-examined the *Gomez* holding in light of the four-prong test enunciated in *Cort. See Jenkins v. S & A Chaisson & Sons, Inc.,* 449 F.Supp. 216, 221–215 (S.D.N.Y.1978). In *Jenkins,* the court stated that "each of the four factors in *Cort* militates in favor of implying a private civil remedy for the migrant laborer plaintiffs in this action." *Id.* at 222. For the reasons set forth in the well-reasoned decision in *Jenkins,* 449 F.Supp. at 221–25, this court holds that plaintiffs may maintain their cause of action under the Wagner-Peyser Act and its regulations, 20 C.F.R. part 655.

## IV. DISCRIMINATION BASED UPON NATIONAL ORIGIN

■ Defendants argue that plaintiffs' § 1981 claim should be dismissed as that section does not bar private discrimination based upon national origin. The court disagrees. Although § 1981 is primarily directed to racial discrimination, it "is not necessarily limited to the technical or restrictive meaning of 'race.'" *Manzanares v. Safeway Stores, Inc,* 593 F.2d 968 (10th Cir.1979). This court previously recognized that a claim of national origin discrimination is cognizable under § 1981. *Stroud v. Seminole Tribe of Florida,* 574 F.Supp. 1043, 1046 (S.D.Fla.1983). Plaintiffs claim that they are discriminated against because of their Haitian origin. The court finds that § 1981 bars such discrimination.

## V. STATUTE OF LIMITATIONS

Defendants argue that plaintiffs' claims are limited or barred entirely by applicable

statutes of limitations. Plaintiffs are challenging actions taken by the defendants from January 1, 1980 to date. The original complaint in this action was filed on July 9, 1985 and the amended complaint adding new plaintiffs was filed on September 19, 1985. For the reasons which follow, this court concludes that plaintiffs' claims are not time barred.

All parties agree that plaintiffs' federal and state antitrust claims are governed by a four year statute of limitations. 15 U.S.C. § 15b; Fla.Stat.Ann. § 95.-11(3)(f). Thus, all of plaintiffs' antitrust claims occurring on or after July 9, 1981 fall within the limitations period and are not time barred. The July 9, 1981 limitation date also applies to those plaintiffs added in the amended complaint. The filing of class allegations in the first complaint tolled the statute of limitations for the entire putative class. *Crown Cork and Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983).

Plaintiffs' complaint alleges continuing violations of the antitrust laws. Each refusal to hire plaintiffs gives rise to a claim. *See Charlotte Telecasters v. Jefferson-Pilot Corp.*, 546 F.2d 570 (4th Cir. 1976). Plaintiffs allege that they were refused employment in August and September 1981 as a result of the industry blacklist. Thus, plaintiffs' antitrust claims are timely.

The court has considered the statutes of limitation applicable to plaintiffs' other claims. In light of the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the court concludes that plaintiffs' claims under 42 U.S.C. §§ 1981 and 1985(3) are subject to a four year statute of limitations. Fla.Stat.Ann. § 95.11(3)(*o*). These claims are therefore timely.

Similarly, the four year statute of limitations provided for actions on a "contract, obligation, or liability not founded on a written instrument" applies to plaintiffs' claims under the WPA, FLCRA and MSPA. Fla.Stat.Ann. § 95.11(3)(k). *See Salazar-*

*Calderon v. Presidio Valley Farmer's Assoc.*, 765 F.2d 1334 (5th Cir.1985) *cert. denied*, —— U.S. ——, 106 S.Ct. 1245, 89 L.Ed.2d 353 (1986) (applying Texas' two-year limitation on actions to enforce debts not evidenced by a contract in writing).

All of plaintiffs' claims under 42 U.S.C. §§ 1981 and 1985(3) and under WPA, FLCRA and MSPA occurring on or after July 9, 1981 fall within the limitations and are not time barred.

In light of the preceding discussion, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss, or in the Alternative, for Summary Judgment of the Defendants be and the same is DENIED.