Jose Jesus SANCHEZ, et al., Plaintiffs,

v.

Tom OVERMYER, et al., Defendants.

No. 3:92CV7444.

United States District Court,
N.D. Ohio, W.D.

Oct. 21, 1993.

Randall C. Marshall, Advocates for Basic Legal Equality, Inc., Toledo, OH, for plaintiffs.

Jodie Lee Stearns, Mitchell, Sterns & Hammer, Bowling Green, OH, for defendants.

## *MEMORANDUM AND ORDER*

JOHN W. POTTER, Senior District Judge.

This cause is before the Court on defendants' motion for judgment on the pleadings. In their amended complaint, plaintiffs have alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1801, et seq., and the Federal Insurance Contributions Act (FICA), 26 U.S.C. § 3101, et seq. In their motion for judgment on the pleadings, defendants have argued (a) that plaintiffs' claims under the AWPA were filed beyond the relevant statute of limitations; (b) that plaintiffs' FICA claims are barred because no private cause of action exists under the FICA; and (c) if a cause of action does exist under the FICA, plaintiffs' FICA claims were also filed be-

yond the relevant statute of limitations. For the following reasons, defendants' motion will be denied.

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may, after the pleadings are closed, move for judgment on the pleadings. A 12(c) movant may successfully argue that the non-moving party has failed to state a claim upon which relief may be granted. *See, e.g., Amersbach v. Cleveland,* 598 F.2d 1033, 1038 (6th Cir.1979).

■ Defendants' first argument is that the AWPA claims are time barred, and thus judgment on the pleadings is appropriate. Defendants assert that, as the AWPA has no internal statute of limitations, this Court should apply the two-year statute of limitations provided in § 255(a) of the Portal to Portal Act of 1947, which applies to actions for wages brought under the Fair Labor Standards Act. 29 U.S.C. § 255(a). This Court disagrees.

■ If no statute of limitations is provided by Congress, it has consistently been the federal practice to apply the most closely analogous state statute of limitations. *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 171, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983). Only the lack of an analogous state statute should cause a court then to look to similar federal law and apply an analogous federal statute of limitations. *Id.,* 462 U.S. at 162, 103 S.Ct. at 2289.

The application of the limitations period provided by Ohio Rev.Code § 2305.07 is appropriate to the case at bar. Ohio Rev.Code § 2305.07 provides that: "an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." Ohio Rev.Code § 2305.07 (1991).

The AWPA is primarily intended to regulate the contractual relationship that exists between farmers, labor contractors and migrant workers. *See, e.g., Sanchez v. Morrison,* 667 F.Supp. 536, 538 (W.D.Mich.1987). In essence, the AWPA sets out certain provisions that are included, by force of law, in the migrant worker's employment contract. *See*

*Salazar–Calderon v. Presidio Valley Farmers Assn.,* 765 F.2d 1334, 1337 (5th Cir.1985), *cert. denied,* 475 U.S. 1035, 106 S.Ct. 1245, 89 L.Ed.2d 353 (1986). Plaintiffs' AWPA claims are therefore both contractual and as a result of liabilities that only exist because of the Act. As such, Ohio Rev.Code § 2305.07 is the most closely analogous state statute of limitations. This conclusion is further reinforced by the fact that virtually every court considering this issue has applied state statutes of limitation similar to the Ohio provision. *See, e.g., Rivera v. Anaya,* 726 F.2d 564 (9th Cir.1984) (applying California statute of limitations pertaining to liabilities created by statute); *Martinez v. Berlekamp Farms, Inc.,* 635 F.Supp. 1191, 1194–96 (N.D.Ohio 1986) (implying Ohio Rev.Code § 2305.07 is appropriate for AWPA claims); *Sanchez,* 667 F.Supp. at 537–38 (applying Michigan statute of limitations for breach of contract claims); *Marquis v. United States Sugar Corp.* 652 F.Supp. 598, 602 (S.D.Fla. 1987) (applying Florida statute of limitations for actions on an oral contract). *See also Salazar–Calderon,* 765 F.2d at 1351 (applying Texas statute of limitations for breach of oral contract to the predecessor of the AWPA, the Farm Labor Contractor Registration Act).

The Court holds, then, that plaintiffs' AWPA claims are governed by Ohio Rev. Code § 2305.07's six year period.[1] As plaintiffs' claims arose in 1989, the AWPA claims are not time barred.

■ Defendants next assert that judgment should be rendered against plaintiffs on their FICA claims because no private cause of action exists under FICA. Defendants' arguments, however, fly in the face of substantial precedent. Numerous federal courts have entertained actions by agricultural workers for an employer's violation of the FICA. *See, e.g., Colunga v. Young,* 722 F.Supp. 1479 (W.D.Mich.1989), *aff'd,* 914 F.2d 255 (6th Cir.1990)[2]; *Saintida v. Tyre,*

783 F.Supp. 1368 (S.D.Fla.1992); *Calderon v. Witvoet,* 764 F.Supp. 536 (C.D.Ill.1991), *aff'd in part, rev'd in part,* 999 F.2d 1101 (7th Cir.1993); *Charite v. Jones,* 116 Lab.Cas. ¶ 35,384, 1990 WL 165247 (S.D.Fla.1990); *Certilus v. Peeples,* 101 Lab.Cas. ¶ 34,587, 1984 WL 3175 (M.D.Fla.1984); *Strong v. Williams,* 89 Lab.Cas. ¶ 33,929, 1980 WL 8134 (M.D.Fla.1980).

■ Defendants correctly point out, however, that if a private cause of action is not explicitly provided for in a federal statute, a court must apply the four-part test set out by the Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), to determine if such an action is implied. Strengthening defendants' hand is the fact that none of the above-cited cases allowing a private action under the FICA engage in the stringent four-part analysis required by *Cort.* Further, other courts have hesitated to allow a private cause of action under the FICA in cases not involving the AWPA. *See Deleu v. Scaife,* 775 F.Supp. 712 (S.D.N.Y.1991) (suggesting that there is no private cause of action under FICA, where plaintiff was seeking monetary damages); *See also DiGiovanni v. Rochester,* 680 F.Supp. 80 (W.D.N.Y. 1988) (finding no private cause of action under the general federal income tax withholding provisions of 26 U.S.C., § 3402); *Spilky v. Helphand,* 1993 WL 159944 (S.D.N.Y. 1993). To imply a private cause of action under a federal statute, the Court must engage in the analysis set forth by *Cort:*

> First, is the plaintiff one of the class for whose *especial* benefit the statute was enacted, . . . that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the

---

1. Defendant argues in the alternative that the six month limitation set forth in § 1855(b) could also govern the instant action. The Court, however, is persuaded by Judge Walinski's reasoning in *Martinez:* "If congress had intended for this Act to utilize the six month limitations period as contained in the administrative remedies provi-

sion of §§ 1854(b) or 1855(b) of the Act, then certainly congress would have included that in the Act." *Martinez,* 635 F.Supp. at 1195.

2. The Court notes that in affirming *Colunga,* the Sixth Circuit never reached the FICA issue.

cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Cort,* 422 U.S. at 78, 95 S.Ct. at 2088 (citations omitted). The focal point of this four-part inquiry is the determination of congressional intent. *Thompson v. Thompson,* 484 U.S. 174, 179, 108 S.Ct. 513, 516, 98 L.Ed.2d 512 (1988).

Defendants assert that the FICA is not intended to benefit the plaintiffs' in particular. This Court disagrees. The FICA is not, unlike most other provisions of the tax code, a general provision intended to benefit the government by outlining a general revenue collection scheme. Rather, the Social Security system was instituted to create a trust fund to benefit workers upon disability or retirement, in order to "save men and women from the rigors of the poorhouse as well as from the haunting fear that such a lot awaits them when journey's end is near." *Helvering v. Davis,* 301 U.S. 619, 641, 57 S.Ct. 904, 909, 81 L.Ed. 1307 (1937) (Cardozo, J.). *See also Social Security Board v. Nierotko,* 327 U.S. 358, 364, 66 S.Ct. 637, 640, 90 L.Ed. 718 (1946) (purpose of the Social Security Act is to provide "funds through contributions by employer and employee for the decent support of elderly workmen who have ceased to labor.") The preface to the Social Security Act itself states that the purpose of the Act is to establish "a system of Federal old-age benefits." 49 Stat. 620 (1935). There is little doubt that plaintiffs are members of the principal group the FICA was enacted to benefit: workers of the United States.

■ The second and primary prong of *Cort* requires this Court to look to legislative intent. In fact, the other three prongs of the *Cort* analysis are useful primarily as guides in determining legislative intent. *See Thompson,* 484 U.S. at 179, 108 S.Ct. at 516. While there is little, explicit or implicit, within the FICA or its legislative history to highlight congressional intent in this regard, silence is not determinative. *Cannon v. University of Chicago,* 441 U.S. 677, 694, 99 S.Ct. 1946, 1956, 60 L.Ed.2d 560 (1979). Determining whether there was an intent to create a private action also does not

require evidence that Members of Congress, in enacting the statute, actually had in mind the creation of a private cause of action. The implied cause of action doctrine would be a virtual dead letter were it limited to correcting drafting errors when Congress simply forgot to codify its evident intention to provide a cause of action.

*Thompson,* 484 U.S. at 179, 108 S.Ct. at 516. Rather, legislative intent can be found by looking to the structure and language of the statute or the circumstances surrounding the statute's enactment. *Id.*

Allowing a plaintiff relief under FICA as sought by these plaintiffs appears to be consistent with the purposes of the FICA and the circumstances of its passage. *See Helvering,* 301 U.S. at 641, 57 S.Ct. at 908. Working men and women will not be able to draw social security upon their retirement unless they and their employers have contributed to the fund during their working years. Since the Social Security Act is intended to help provide for their retirement, it seems only logical that workers, in this case plaintiffs, should be able to compel their employers to correct the workers' earnings records and make the required and correct contribution to the fund on the workers' behalf.

As pointed out by plaintiffs, one provision of the FICA sheds some further light on the issue of congressional intent. Section 3102(b) of 26 U.S.C. provides that an employer who deducts FICA taxes from an employee's wages will "be indemnified against the claims and demands of any person for the amount of any such payment...." 26 U.S.C. § 3102(b) (Supp.1993). This indemnification provision has been in the Social Security Act since its original enactment in 1935. The logical inquiry then is against whom is the employer indemnified? The only possible answer is that this provision indemnifies an employer in an action brought by the employee over FICA deductions from the employees wages. If indemnification for the correct amount is provided, then by implication it must be assumed that Congress envisioned actions under FICA by employees

against employers for incorrect amounts paid or complete failure to pay FICA taxes.

Next, the Court must inquire as to whether a private cause of action is consistent with FICA's legislative scheme. As discussed, the FICA was established to create a trust fund for retirement. There is nothing inconsistent with this purpose in allowing a private cause of action where, as here, an employee seeks an order to force an employer to correct the employee's employment record and make the appropriate FICA contributions for wages earned by the employee. The Court notes that, unlike the plaintiff in *Deleu*, these plaintiffs are only seeking such an order. The Court does not reach the question of whether a private cause of action for monetary damages is implied under the FICA.

Finally, we must inquire as to whether the cause of action to be implied is one traditionally relegated to state law. If so, it is inappropriate to infer a federal cause of action. *Cort*, 422 U.S. at 78, 95 S.Ct. at 2087. The Social Security Act of 1935 was intended to provide a federal answer to federal concerns. *Helvering*, 301 U.S. at 644, 57 S.Ct. at 910. Because the establishment and maintenance of a national retirement and general welfare fund is not something traditionally relegated to state law, the inference of a federal cause of action is appropriate.

■ The Court notes that, in the alternative, even if a private cause of action could not be implied under the FICA plaintiffs' FICA claims would still survive defendants' motion for judgment on the pleadings. Several courts have held that the payment of FICA taxes are a part of the wage the employer is required to pay in accordance with the AWPA. 29 U.S.C. § 1822(a); *see, e.g., Charite v. Jones*, 116 Lab.Cas. ¶ 35,384, 1990 WL 165247 (S.D.Fla.1990). *See also Certilus v. Peeples*, 101 Lab.Cas. ¶ 34,587, 1984 WL 3175 (M.D.Fla.1984); *Strong v. Williams*, 89 Lab.Cas. ¶ 33,929, 1980 WL 8134 (M.D.Fla.1980) (decided under the provisions of the AWPA's predecessor, the Farm Labor Contractor Registration Act, 7 U.S.C. §§ 2402–55 (1976)). Therefore, by failing to pay the employer's share of the FICA tax, the employer is failing to pay the employee his full wage as required by the AWPA. The Court is persuaded by this rationale and holds that failing to pay the employer's share of the agricultural worker's FICA tax violates 29 U.S.C. 1822(a) and, thus, is actionable under the AWPA as well.

■ The Court must now address what statute of limitations period is appropriate to plaintiffs' FICA cause of action. Defendants argue that either the nine month or two year limitations period set forth in Subtitle F of the Internal Revenue Code should apply to the instant action. *See* 26 U.S.C. § 6532(c) (9 month limitation on action for wrongful levy); 26 U.S.C. § 6532(a) (2 year limitation in suit by taxpayer for refund). Both limitations periods, however, deal with suits brought by citizens against the government, and are unrelated to the purposes of the FICA.

Initially, the Court is inclined to apply the six year limitations period set forth in Ohio Rev.Code § 2305.07. If the defendants are liable at all, it will be due to a liability created by statute. However, plaintiffs are seeking an order that compels the defendants to correct plaintiffs' earnings records and pay any FICA taxes that were due. Under 42 U.S.C. § 405(c)(1)(B) and (c)(4), the Secretary of Health and Human Services may correct wage records within three years, three months, and fifteen days of the tax year in question. Likewise, FICA taxes may be assessed by the I.R.S. against an employer during this same time period. 20 C.F.R. § 404.822(e)(6). It would be illogical for this Court to allow the plaintiffs a longer limitations period for their FICA claims than that allowed to federal actors in similar actions. Therefore, the Court holds that a three year, three month, and fifteen day limitations period applies to plaintiffs' FICA claims. As the alleged violations occurred in 1989, plaintiffs' claims are not time barred.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendants' motion for judgment on the pleadings be, and hereby is, DENIED.