Henderson **FORD**

v.

Stephen **TROYER** d/b/a Troyer Enterprises.

Civil Action No. 98–246.

United States District Court, E.D. Louisiana.

Aug. 4, 1998.

Henderson Ford, New Orleans, LA, pro se.

Timothy S. Marcel, Boutte, LA, for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

Plaintiff Henderson Ford, appearing pro se, seeks reconsideration of this court's order and judgment granting summary judgment against him.

Ford's suit claimed that his former employer, defendant Stephen Troyer d/b/a Troyer Enterprises (Troyer), improperly treated him as an independent contractor. As a result, Troyer allegedly failed to withhold and pay federal taxes including social security, unemployment, and income taxes and denied Ford employee benefits such as overtime pay. Ford sought to have Troyer pay the taxes and benefits it was legally obligated to pay. His claims were brought pursuant to the Internal Revenue Codes' (IRC) employment tax laws including the Federal Insurance Contributions Act (FICA), 26 U.S.C. § 3101, et seq., the Federal Unemployment Tax Act (FUTA), 26 U.S.C. § 3301, et seq., and the federal statutes taxing wages, 26 U.S.C. § 3401, et seq. His subsequent pleadings indicate that he also sought to assert state law claims of breach of contract, fraud, and misrepresentation. There does not appear to be diversity of citizenship.

Troyer sought dismissal of Ford's claims on the ground that as an independent contractor he had no private right of action for failure to withhold social security and federal income taxes. Troyer submitted an undated statement by Ford acknowledging independent contractor status. The motion was set for hearing on June 10, 1998. Ford did not submit any legal or factual argument in opposition to Troyer's motion, and consequently, on June 11, 1998, the court granted the motion and entered judgment in favor of Troyer.

On the same day the court entered judgment, Ford filed a "Motion In Opposition To Defendant's Motion To Dismiss." In this motion, Ford explained that he mistakenly thought he could orally argue against the motion without having to file a written memorandum in opposition. On July 9, 1998, Ford filed a pleading identical to his "Motion In Opposition" under the caption of "Motion For Reconsideration."

A motion to reconsider a dispositive pre-trial motion may be analogized to a motion to "alter or amend the judgment" under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for "relief from judgment" under Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds, Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (en banc). A motion for reconsideration is considered a Rule 59(e) motion if it is filed within ten days of entry of judgment; if it is filed after that time, it falls under Rule 60(b). Fed.R.Civ.P. 59(e); *Lavespere*, 910 F.2d at 173.[1]

Considering Ford's pro se status, the court will treat Ford's "Motion In Opposition To Defendant's Motion To Dismiss" as a motion to reconsider. Ford filed his "Motion In Opposition" on June 11, 1998, one day after this court entered judgment. The failure to style the motion as a "motion to reconsider" does not prevent it from being treated as such where reconsideration is the relief sought. Accordingly, the court will consider Ford's "Motion In Opposition To Defendant's Motion To Dismiss" under Rule 59(e).

In support of his motion for reconsideration, Ford submitted an Administrative Tax Decision dated December 15, 1997 finding that he was an employee whose earnings for the period 1995 and 1996 were taxable for unemployment insurance purposes—evidence which directly challenges Troyer's position that Ford was an independent contractor.

Under Rule 59(e), a motion for reconsideration based on evidence the moving party failed to introduce on time, is subject to the broad discretion of the trial judge, who must give weight to the particular circumstances surrounding the motion. *Lavespere*,

---

1. Rule 59(e) was amended effective December 10, 1995, to make the date of filing, not the date of service, the effective date for calculation of time under the Federal Rules of Civil Procedure. *See* 1995 Amendments, Advisory Committee Notes. *Cf. Lavespere*, 910 F.2d at 173 (discussing Rule 59(e) service requirement in effect prior to 1995 Amendment).

910 F.2d at 174. That discretion, however, is not without limit, and the court must strike the proper balance between the competing interests of finality of judgments and the need to render decisions on the basis of all the facts. *Id.* "[T]he court should consider, among other things, the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." *Id.* Thus, the issue before the court is whether the circumstances of this case permit consideration of the evidentiary material Ford belatedly submitted with his motion to reconsider.

■ Ford's failure to introduce this evidence on time was due to his pro se status and understandable lack of knowledge about federal procedure. Without the administrative decision finding that Ford was an employee, Ford is unable to defeat Troyer's motion for summary judgment. Re-opening this suit is not likely to unfairly prejudice Troyer, particularly in light of the evidence having been filed the same day judgment was entered. *See id.* at 175. Accordingly, the court will re-open this suit and consider Ford's evidence.

■ The administrative decision that Ford submitted creates a genuine issue of fact as to his employee status. Whether that issue is material depends on whether an employee has a federal private right of action against his employer based on the claims asserted in this case.

■ It is without question that there is no express right of action for an employee to sue his employer under the IRC for failure to comply with federal tax statutes. The court's review of the law in this area shows a division among courts as to whether an implied private right of action exists. None of these decisions are from courts of the Fifth Circuit. This court agrees with and adopts the analysis in *Sanchez v. Overmyer,* 845 F.Supp. 1178 (N.D.Ohio 1993), in which the court found an implied private right of action

under FICA to compel an employer to correct its share of FICA contributions. Particularly persuasive is the court's discussion of FICA's provision for employer indemnification found in 26 U.S.C. § 3102(b). *See id.* at 1181–82; *see also Campbell v. Miller,* 836 F.Supp. 827 (M.D.Fla.1993) (finding a private right of action for injunctive relief to enforce FICA and FUTA); *Colunga v. Young,* 722 F.Supp. 1479, 1487 (W.D.Mich.1989) (finding that the employer violated FICA by failing to withhold and pay its portion of the employees social security taxes). *Compare Salazar v. Brown,* 940 F.Supp. 160 (W.D.Mich.1996) (no private right of action under FICA); *Spilky v. Helphand,* 1993 WL 159944 (S.D.N.Y.1993) (no private cause of action for employer's failure to withhold or pay social security, unemployment, and income taxes); *Deleu v. Scaife,* 775 F.Supp. 712 (S.D.N.Y.1991) (no private federal cause of action against employer for failing to pay social security, unemployment, and withhold income taxes from the employee).

■ As for Troyer's alleged failure to withhold federal income taxes, the court discovered no authority to support a private right of action. *See DiGiovanni v. City of Rochester,* 680 F.Supp. 80 (W.D.N.Y.1988) (no private cause of action under the federal income tax withholding statutes). Indeed, it would appear to be expressly forbidden in 26 U.S.C. § 3403: "The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment."

An apparent distinction between the income tax and the social security and unemployment taxes is that while the withholding of income taxes is to benefit the federal government as a revenue collection measure, the withholdings under FICA and FUTA are intended to fund the social security program which is for the benefit of the employee. *See Sanchez,* 845 F.Supp. at 1181.

For the reasons set forth in *Sanchez,* this court also finds that relief under FICA and FUTA is consistent with those statutes' purposes, and further that the cause of action is not one traditionally relegated to state law. *See Id.*

Accordingly,

IT IS ORDERED that plaintiff's Motion For Reconsideration is **GRANTED.** The order and judgment entered on June 11, 1998 are **VACATED** and this suit is hereby **RE–OPENED** on the court's active docket.

IT IS FURTHER ordered that summary judgment is **GRANTED** dismissing plaintiff's federal claim that the defendant failed to withhold federal income taxes. All other claims remain viable.