G. Bruce GLANVILLE,
et al., Plaintiffs,

v.

DUPAR, INC., et al., Defendants.

Civil Action No. H–08–2537.

United States District Court,
S.D. Texas,
Houston Division.

July 20, 2010.

G. Scott Fiddler, Attorney at Law, Houston, TX, for Plaintiffs.

Adam Smedstad, Scopelitis et al., Chicago, IL, Steven A. Pletcher, Scopelitis Garvin et al., Indianapolis, IN, William J. Wisdom, Martin Disiere et al., Houston, TX, for Defendants.

## MEMORANDUM AND ORDER

LEE H. ROSENTHAL, District Judge.

The plaintiffs filed this suit on behalf of themselves and other similarly situated current and former workers of Dupar, Inc., Dupar Properties, Inc., and J. Kelly Parsons (collectively "Dupar"), alleging violations of the Fair Labor Standards Act ("FLSA"), violations of the Federal Insurance Contributions Act ("FICA") and the Federal Unemployment Tax Act ("FUTA"), breach of fiduciary duty, and negligent misrepresentation. Dupar moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss for failure to state a claim. (Docket Entry No. 44). The plaintiffs responded, (Docket Entry No. 46), and the parties exchanged replies and surreplies, (Docket Entry Nos. 50, 55, 56). Based on the motions, the responses and replies, and the applicable law, this court grants the motion to dismiss. Because amendment would be futile, final judgment is entered by separate order. The reasons for these rulings are explained below.

## I. Background

Dupar, Inc. and Dupar Properties, Inc. provide delivery and installation services for General Electric ("GE") appliances. J. Kelly Parsons is the president of Dupar, Inc. and Dupar Properties, Inc. This lawsuit arises out of the plaintiffs' work as delivery drivers for Dupar in the Houston, Texas area. The plaintiffs signed independent-contractor agreements with Dupar and drove their own trucks and trailers to deliver GE appliances to customers.

The plaintiffs filed an FLSA collective action under 29 U.S.C. § 216 in March 2008, alleging that Dupar had misclassified them as independent contractors when they were actually employees. The plaintiffs alleged that they had not been paid at an overtime rate for hours worked in excess of forty hours per week. (Docket Entry Nos. 1, 36). The defendants filed a summary judgment motion on the FLSA and overtime claims, which this court granted based on the Motor Carrier Act ("MCA") exemption from the FLSA. (Docket Entry Nos. 32, 43). The decision did not resolve whether the plaintiffs were independent contractors or employees. (Docket Entry Nos. 34, 43).

On September 8, 2009, the plaintiffs filed an amended complaint adding four additional causes of action: (1) violations of the Federal Insurance Contributions Act ("FICA") and the Federal Unemployment Tax Act ("FUTA"); (2) declaratory judgment and injunctive relief; (3) breach of fiduciary duty; and (4) negligent misrepresentation. (Docket Entry No. 3 8). The plaintiffs claimed that they paid amounts under FICA and FUTA that Dupar should have paid and sought repayment. (Docket Entry No. 36, 38, 46). The plaintiffs also alleged that Dupar's classification of them as independent contractors and resulting FICA and FUTA violations amounted to a breach of fiduciary duty and a negligent misrepresentation under Texas law. (Id.).

Dupar moved to dismiss, arguing that the plaintiffs do not have an express or implied right of action to recover FICA or FUTA taxes and that the tax-reimbursement claims, as well as the related declaratory judgment, injunctive relief, and breach of fiduciary duty claims, fail as a matter of law. (Docket Entry No. 44). Dupar cites holdings from the Third and Eleventh Circuits rejecting an implied private right of action under FICA. (Id.). In response, the plaintiffs point to several district court opinions in the Fifth Circuit that have found an implied right of action under FICA. (Docket Entry No. 46). Dupar also contends that the plaintiffs' state-law claims for declaratory judgment, injunctive relief, and breach of fiduciary duty are preempted by federal law, and

that the Texas negligent misrepresentation claim has been insufficiently pleaded and cannot be proven as a matter of law. (Docket Entry No. 44).

Each argument and response is analyzed below.

## II. The Applicable Law

Rule 12(b)(6) allows the court to dismiss if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). The purpose of Rule 12(b)(6) is to test the legal sufficiency of the claims advanced in the complaint. *Grisham v. United States*, 103 F.3d 24, 25–26 (5th Cir.1997).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the claim under Rule 15(a) before dismissing the complaint with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change ... advances a claim or defense that is legally insufficient on its face." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 Fed.Appx. 534, 535 (5th Cir. 2007) (per curiam) (unpublished) ("[A] district court acts within its discretion when dismissing a motion to amend that is ... futile." (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

## III. Analysis

### A. The Alleged FICA Violations

■ Private rights of action to enforce federal law must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). Neither party contends that FICA contains an express cause of action for a private citizen to recover FICA taxes. (Docket Entry Nos. 38, 44); *see also McDonald v. S. Farm Bureau Life Ins., Co.*, 291 F.3d 718, 722 (11th Cir.2002) ("FICA itself is silent as to whether an employee can sue his employer for proper payment of FICA taxes."). The issue is whether FICA creates an implied private right of action such that an employee can sue his employer for a violation of the Act.

■ Courts use the four-part test in *Cort v. Ash*, 422 U.S. 66, 78–85, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), to determine if an implied private right of action exists. The factors include: (1) whether the plaintiff is one of the class for "whose especial benefit the statute was intended"; (2) whether there is any indication of legislative intent to create such a remedy; (3) whether implying a remedy is consistent with the underlying purpose of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law. *Id.* The ultimate question "is one of legislative intent, not one of whether [the] Court thinks that it can improve upon the statutory scheme that Congress enacted into law." *Touche Ross*, 442 U.S. at 578, 99 S.Ct. 2479.

The Fifth Circuit has not considered whether a private right of action exists under FICA. The two United States Court of Appeals decisions addressing this issue within the *Cort* framework have found no implied private right of action. *See Um-*

land v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 67 (3d Cir.2008); McDonald, 291 F.3d at 726. In McDonald v. Southern Farm Bureau Life Insurance, Co., as here, a group of workers claiming misclassification as independent contractors sued their alleged employer for its failure to pay FICA taxes on their behalf. 291 F.3d at 721. The Eleventh Circuit concluded that "[a]n analysis of the Cort factors makes it abundantly clear that no private cause of action may be implied by the language, structure, or the legislative history of FICA" and dismissed the workers' claim. Id. at 722, n. 1. In Umland v. PLANCO Financial Services, the Third Circuit adopted the reasoning in McDonald and held that no private right of action could be implied under FICA. 542 F.3d at 66–67. Numerous district courts have also followed McDonald. See Powell v. Carey Int'l, Inc., 514 F.Supp.2d 1302, 1323–24 (S.D.Fla.2007); Westfall v. Kendle Int'l, CPU, LLC, 2007 WL 486606, at *17 (N.D.W.Va. Feb. 15, 2007); Berger v. AXA Network, LLC, 2003 WL 21530370, at *4 (N.D.Ill. July 7, 2003); Paukstis v. Kenwood Golf & Country Club, 241 F.Supp.2d 551, 560–61 (D.Md.2003); Salazar v. Brown, 940 F.Supp. 160, 164–67 (W.D.Mich.1996); Spilky v. Helphand, No. 91 CIV. 3045(PKL), 1993 WL 159944, at *4–5 (S.D.N.Y. May 11, 1993).

■ The plaintiffs cite federal district court opinions concluding that FICA contains an implied right of action. See Ford v. Troyer, 25 F.Supp.2d 723, 726 (E.D.La. 1998); Stewart v. Project Consulting Servs., Inc., No. CIV. A. 99–3595, 2001 WL 1000730, at *3 (E.D.La. Aug. 28, 2001). These Louisiana federal district court cases adopt the Cort analysis used in Sanchez v. Overmyer, 845 F.Supp. 1178, 1181–82 (N.D.Ohio 1993) (finding that "relief under FICA and FUTA is consistent with those statutes' purposes"). In Sanchez, the court found that FICA was intended for the particular benefit of workers be-

cause the Social Security system was instituted to create a trust fund to benefit workers in order to "save men and women from the rigors of the poorhouse as well as from the haunting fear that such a lot awaits them when journey's end is near." Id. at 1181 (citing Helvering v. Davis, 301 U.S. 619, 641, 57 S.Ct. 904, 909, 81 L.Ed. 1307 (1937)). In McDonald, the Eleventh Circuit found no basis to conclude that FICA was established for the special benefit of workers such as the plaintiffs. Although FICA taxes are used to fund the Social Security program, a worker's eligibility for social security benefits does not depend on his employer's actual payment of FICA taxes. The Sanchez court failed to take into account the fact that although employers must collect FICA taxes on an employee's wages, an employee's entitlement to Social Security benefits does not depend on the employer paying FICA taxes. See 42 U.S.C. § 413(a)(2)(A)(ii) (establishing the procedure for determining eligibility for Social Security based on time worked and wages paid); McDonald, 291 F.3d at 724. The first factor of the Cort analysis weighs against an implied private right of action.

The second Cort factor analyzes legislative intent. In McDonald, the Eleventh Circuit found no indication of Congressional intent to create a private right of action under FICA. 291 F.3d at 724. The plaintiffs here argue that § 3102(b) of the Internal Revenue Code supports the argument that Congress intended to give putative employees a private right of action to sue their employers for unpaid FICA taxes. (Docket Entry No. 46). The provision states:

Every employer required so to deduct the tax shall be liable for the payment of such tax, and shall be indemnified against the claims and demands of any person for the amount of any such payment made by such employer.

I.R.C. § 3102(b). The district court opinion in *Sanchez* considered this provision as support for the assumption that "Congress envisioned actions under FICA by employees against employers for incorrect amounts paid or complete failure to pay FICA taxes." 845 F.Supp. at 1181–1182. The *McDonald* court rejected this reasoning, finding that it "protects employers who properly deduct FICA taxes from an employees' wages against claims by employees that the money withheld and used to pay the tax should have been paid to the employee as part of his salary." 291 F.3d at 725. The Code provision language does not apply to this case because Dupar did *not* withhold or deduct taxes from the plaintiffs' compensation. Putting that aside, the court agrees with the *McDonald* court's conclusion that Congress included the indemnification language "to protect employers from lawsuits by employees who do not want their salaries reduced in compliance with FICA." *Id.* The second factor of the *Cort* analysis weighs against finding an implied private right of action.

The third *Cort* factor is consistency with the underlying purpose of the legislative scheme. The Eleventh Circuit found in *McDonald* that this factor weighed against an implied private right of action. The court held that allowing litigants to sue privately under FICA would undermine the administrative procedures "that have been expressly created in order to assist workers who feel that they have been assessed improper FICA taxes." *Id.* The IRS has established procedures to address workers' claims based on misclassification of employment status. *See* I.R.C. § 7422. Workers may file a Form SS–8 to ask the IRS whether they should be classified as employees or independent contractors. *See* IRS, Form SS–8: Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, OMB No. 1545–0004 (2009), *available at* http://www.irs.gov/pub/irs-pdf/fss8.

pdf (last visited Jul. 20, 2010). Form 8919 is also available for workers who performed services as employees but were misclassified as independent contractors. *See* IRS, Form 8919: Uncollected Social Security and Medicare Tax on Wages, OMB No. 1545–0074 (2009), *available at* http://www.irs.gov/pub/irs-pdf/f8919.pdf (last visited Jul. 20, 2010). If an employer designates an employee as an independent contractor without a reasonable basis for doing so, the employer may be liable to the government for employment taxes for that worker. *See* I.R.C. § 3509. The court in *Sanchez* found no inconsistency between this legislative scheme and recognizing a private right of action under FICA but did not discuss the administrative procedures available. 845 F.Supp. at 1182. The *McDonald* court found that allowing a private right of action would interfere with the consistency and effectiveness of the administrative procedures established by Congress. 291 F.3d at 725–26. This court agrees with the *McDonald* analysis. The third *Cort* factor weighs against finding a private right of action.

The fourth *Cort* factor is whether implying a private cause of action would offend federalism. When a court examines one or more of the *Cort* factors and finds that it "leads to a conclusion that Congress did not intend to create a private right of action," there is no need to analyze the remaining factors. *Lundeen v. Mineta,* 291 F.3d 300, 312 n. 52 (5th Cir.2002); *see also Casas v. Am. Airlines, Inc.,* 304 F.3d 517, 523 (5th Cir.2002); *Louisiana Landmarks Soc'y, Inc. v. City of New Orleans,* 85 F.3d 1119, 1125 (5th Cir.1996). Analyzing the first three *Cort* factors shows that Congress did not intend to create a private right of action under FICA, and the fourth factor does not support a different result.

The cases cited by the plaintiffs finding a private right of action preceded the rele-

vant appellate court decisions and are unpersuasive. This court believes that if the Fifth Circuit were to consider this issue, it would follow the reasoning of the Third and Eleventh Circuits to find no implied private right of action under FICA. The plaintiffs have no private cause of action under FICA.

## B. The Failure to Pay FUTA Taxes

■ The existence of an implied private right of action under FUTA has not been considered by any United States Court of Appeals. The analysis, however, follows the previous discussion of a private remedy under FICA. The expansive administrative scheme Congress established for tax-related disputes is inconsistent with an implied private right of action for employees to sue their putative employers for nonpayment of FUTA taxes. A number of federal district courts have held that no private cause of action exists for an employer's failure to pay unemployment taxes under FUTA. *See White v. White Rose Food,* 62 F.Supp.2d 878, 886–87 (E.D.N.Y. 1999) ("[A]s the [c]ourt finds that the tax statutes at issue are not intended for the benefit of the plaintiffs [but for the government's benefit], the [c]ourt holds that a private cause of action cannot exist under the provisions of FUTA."); *Bendsen v. George Weston Bakeries Dist.,* No. 4:08CV50 JCH, 2008 WL 4449435 at *4 (E.D.Mo. Sept. 26, 2008) (granting defendant's motion to dismiss plaintiff's FUTA and FICA claims because neither act creates a private right of action); *Andrews Transport, Inc. v. CNA Reinsurance Co., Ltd.,* 166 F.Supp.2d 516, 524 (N.D.Tex. 2001) (citing *White v. White Rose Food* for the statement that a private cause of action cannot exist under the provisions of FUTA), *overruled on other grounds,* 37 Fed.Appx. 87 (5th Cir.2002). This court finds that there is no implied private right of action under FUTA.

## C. Declaratory Judgment and Injunctive Relief

The plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 that they were misclassified as independent contractors. (Docket Entry No. 38). The plaintiffs' request for declaratory and injunctive relief is that "[i]f the [c]ourt finds no private cause of action for damages," a declaratory judgment and injunction will "ensure such taxes are paid." (Docket Entry No. 46). But the plaintiffs cannot recast their claims of FICA and FUTA violations, for which there is no private right of action, as one for declaratory judgment and injunctive relief. Because there is no private cause of action, the claim for declaratory and injunctive relief fails as a matter of law.

■■ The claims also fail for lack of standing. To pursue an injunction or declaratory judgment, the plaintiffs must allege a likelihood of future violations. Failing to allege that the plaintiffs will again suffer injury from the defendant's purportedly illegal behavior deprives the plaintiffs of standing. *Armstrong v. Turner Industries, Inc.,* 141 F.3d 554, 562–64 (5th Cir. 1998). Here, the parties agree that the plaintiffs are not current contractors with Dupar. (Docket Entry Nos. 46, 50). The plaintiffs argue that an order compelling Dupar to pay its alleged share of the employment taxes to the IRS or reimburse workers who have already paid the taxes would prevent the future harm to the plaintiffs of paying the self-employment taxes. (Docket Entry No. 46). While this court does have the authority to decide whether the plaintiffs should be classified as employees or independent contractors, because the plaintiffs no longer have any employment relationship with Dupar, they cannot allege future harm from the alleged misclassification.

The claim is dismissed.

## D. Preemption of State–Law Claims

The plaintiffs' remaining claims are for breach of fiduciary duty and negligent misrepresentation under Texas law. The plaintiffs argue that these claims are not preempted by federal law because they do not conflict with the FICA and FUTA statutory frameworks. (Docket Entry No. 46). Dupar contends that the plaintiffs have essentially recast their claims of FICA and FUTA violations as state-law causes of action, and that these state-law claims directly conflict with the comprehensive regulatory scheme established by Congress. (Docket Entry No. 50). The precedents support Dupar's argument.

In *McDonald,* the Eleventh Circuit noted that "Congress has established a comprehensive regulatory scheme" for resolving disputes over the proper classification of employees and independent contractors for tax purposes. 291 F.3d at 725. In *Umland v. PLANCO Financial Services,* the court found that the extensive administrative remedies available to address disputes over proper classification of employees and independent contractors led to the conclusions that Congress did not intend to create a private right of action inconsistent with the administrative scheme and that state-law breach of contract causes of action based on FICA violations could not proceed. 542 F.3d at 65. In *Umland,* the plaintiff alleged that her employer had misclassified her as an independent contractor and failed to pay FICA taxes. The plaintiff also alleged unjust enrichment under state law based on her employer's alleged inappropriate withholding of FICA taxes once she had been reclassified as an employee. *Id.* The court held that the plaintiff's unjust enrichment claim fell within the scope of I.R.C. § 7422, which places restrictions on tax refunds and preempts state-law claims. Section 7422 states:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

I.R.C. § 7422. Under this section, the IRS limits taxpayers' ability to sue for the recovery of any tax alleged to have been erroneously assessed or collected. *Id.* § 7422(f)(1). Those seeking refunds are required to file a claim with the IRS before any lawsuit. *Id.* § 7422(a). The Third Circuit found that the "broad sweep" of § 7422 meant that Congress intended the IRS to occupy the field of tax refunds, preempting state-law claims such as the plaintiff's in *Umland,* 542 F.3d at 69.

The plaintiffs seek a declaratory judgment that Dupar breached its fiduciary duty to withhold payroll taxes from their pay. The plaintiffs also seek an injunction requiring Dupar to pay the U.S. Treasury on the plaintiffs' behalf for their contribution under FICA and FUTA, or, for those plaintiffs who have already paid such taxes, to reimburse these amounts. (Docket Entry No. 38). Like the plaintiff in *Umland* who filed state-law breach of contract and unjust enrichment claims against her employer for allegedly misclassifying her as an independent contractor and improperly withholding employment taxes, 542 F.3d at 62–63, the plaintiffs' breach of fiduciary duty claim in the present suit is based on the alleged FICA and FUTA violations. The court in *Umland*

held that allowing the plaintiff's state-law claims to proceed would "interfere with the IRS's administrative scheme for handling such disputes," noting that "[i]ndividuals would have less incentive to follow IRS procedures if they could simply bring common-law claims for misclassification as an independent contractor in state court (or in federal court sitting in diversity)." *Id.* at 64. The court therefore held "preempted by IRS regulations state-law claims for damages based on classification as an independent contractor rather than an employee." *Id.* This reasoning is persuasive. Given that there is no implied private right of action under FICA or FUTA and that appropriate remedies are available under the IRS administrative procedures, the plaintiffs' claim for breach of fiduciary duty is preempted.

■ The plaintiffs' remaining claim against Dupar is for negligent misrepresentation in misclassifying them as independent contractors. (Docket Entry No. 38). Dupar contends that the classification of workers as employees or independent contractors is a legal determination that cannot form the basis of a negligent misrepresentation claim. (Docket Entry No. 44). The plaintiffs argue that their claim does not arise under the FLSA but under Texas common law, which treats the determination of employee status as a question of fact. (Docket Entry No. 46). Dupar responds that Texas courts hold that whether an employment relationship is that of an independent contractor is a question of law. (Docket Entry No. 50). Whether the classification of workers as employees or independent contractors is a legal or factual determination under Texas law or the FLSA is not necessary to decide. The plaintiffs' claim is predicated on the alleged violation of FICA and FUTA. Allowing this state-law tort cause of action would conflict with the regulatory scheme Congress established. The misrepresentation claim is dismissed.

## IV. Conclusion

The motion to dismiss for failure to state a claim is granted. Final judgment is entered by separate order.