IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2007**

Charles R. Fulbruge III
Clerk

No. 06-10403
Summary Calendar

RICHARD TERRANCE AYERS,

                                    Plaintiff-Appellant,

v.

GARY JOHNSON; LINDA PATTESON; MICHAEL COUNTZ; JIM ZELLER;
ROBERT OTT; WINSTON HOLD; MELTON BROCK; HERMAN TEINERT;
L.N. HODGES; RICHARD DEAL; JUDY SLOAN,

                                    Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 1:99-CV-11

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Richard Ayers, a Texas prisoner, sued under 42 U.S.C. § 1983 alleging that he was denied access to three publications, i.e., Justice Express magazine, The Vulture and the N-Factory, and Walking on Borrowed Land, on the allegedly pretextual ground that the requested publications contained racially inflammatory material and were designed to achieve a breakdown of prisons through inmate disruption such as strikes or riots. These claims were before the district court following Ayers v. Peterson, 130 F. App'x 666 (5th Cir. 2005), in which we affirmed summary judgment in favor of defendants regarding the denial of the publications specified in Ayers's original complaint but remanded for consideration of claims he sought to bring in his second amended complaint, namely denial of access to the publications named above.

Ayers contends the district court erred in (1) denying his motion to stay and for limited discovery; (2) denying his third motion to amend his complaint; (3) denying his motion to stay proceedings pending completion of disclosure; and (4) granting summary judgment and dismissing the claims he had asserted in his second amended complaint. As we explain, Ayers's arguments are unavailing.

The denial of discovery is reviewed for abuse of discretion. See Brown v. Arlen Mgmt. Corp., 663 F.2d 575, 580 (5th Cir. Dec. 1981) (per curiam). The district court did not abuse its discretion by denying Ayers's motion, which sought information regarding a claim that was not at issue.

Though a court should freely grant leave to amend, see FED. R. CIV. P. 15(a), "[a] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile." Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co., 195 F.3d 765, 771 (5th Cir. 1999). In his third motion to amend, Ayers sought to add a claim that does not satisfy the requirements of standing or ripeness, the addition of which would have been futile. The court thus did not abuse its discretion in denying the motion. See United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996).

A denial of a motion for continuance brought under Federal Rule of Civil Procedure 56(f) is reviewed for abuse of discretion. See *Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir. 1995); *Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 167 (5th Cir. 1991). A review of the record establishes that defendants complied with the scheduling order regarding the disclosure of relevant prison records, so the court did not abuse its discretion by denying the motion.

We review a summary judgment de novo, applying the same standard as did the district court. See *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper where the pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Ayers alleges violations of his First Amendment rights by the denial of his ability to receive the challenged publications. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Accordingly, regulations affecting the sending of publications to prisoners are scrutinized to determine whether they are "'reasonably related to legitimate penological interests.'" *Thornburgh v. Abbott*, 490 U.S. 401, 404 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Federal courts look to whether the challenged regulation is logically connected to the legitimate government interests invoked to justify it; whether alternative means of exercising the restricted rights remain open to inmates; what impact accommodation of the asserted constitutional right would have on other inmates, guards, and prison resources; and the presence or absence of reasonable but less restrictive alternatives. See *Turner*, 482 U.S. at 89-91; *Chriceol v. Phillips*, 169 F.3d 313, 316-17 (5th Cir. 1999). Restrictions on materials likely to

produce violence are expressly permitted because they are rationally related to valid penological objectives. Chriceol, 169 F.3d at 316-17. Included in the materials that can be rightfully excluded as tending to promote violence are those that advance racial or religious hatred. Id. Prison administrators' judgments regarding institutional security are accorded "great deference." Oliver v. Scott, 276 F.3d 736, 745 (5th Cir. 2002).

Defendants assert that the challenged publications were withheld pursuant to prison policy because they contain material of a racially inflammatory nature that would encourage disruptions in the prison setting, including strikes or riots. After reviewing the challenged publications, the district court found, and we agree, that the publications were well within the realm of material that may be restricted because of their potential to cause violence. Ayers does not present any evidence disputing the findings regarding these publications and has, accordingly, failed to demonstrate the existence of a genuine issue of material fact.

AFFIRMED.