**Phillip David HASKETT, Plaintiff,**

v.

**CINCO ENERGY MANAGEMENT GROUP, et al., Defendants.**

**CIVIL ACTION NO. G-14-280**

United States District Court,
S.D. Texas, Houston Division.

Signed March 1, 2015

---

Phillip David Haskett, League City, TX, pro se.

John L. Ross, Thompson Coe et al, Dallas, TX, Cory S. Reed, Thompson Coe Cousins Irons, Houston, TX, for Defendants.

## MEMORANDUM AND OPINION

Lee H. Rosenthal, United States District Judge

This is an age discrimination case, one of several similar cases the plaintiff, Phillip David Haskett, has filed against companies that have not offered him employment.[1] Haskett is a 57-year-old landman. In this case, he sues Cinco Energy Management Group ("Cinco"), an unnamed former Cinco employee, nine "unknown clients of Cinco," and nine "unnamed Jon Doughs." (Docket Entry No. 1). Haskett alleges that Cinco refused to hire him for a landman job because of his age and because the unnamed former Cinco employee made a negative comment about him to Cinco management. Haskett also alleges that the unknown clients "instituted authorized, promoted and supported" Cinco's discriminatory employment practice.

Cinco has moved to dismiss the complaint for failure to state a claim. (Docket Entry No. 8). Haskett filed an amended complaint in response, (Docket Entry No. 11), and Cinco renewed its motion to dismiss, (Docket Entry No. 21). Haskett re-

---

1. *See Haskett v. T.S. Dudley Land Co., et al.,* No. 3:14-cv-0277 (dismissed December 4, 2014); *Haskett v. Capital Land Servs., Inc. et al.,* No. 3:14-cv-0279; *Haskett v. Percheron, LLC, et al.,* No. 3:14-cv-0257; *Haskett v. Conti-* *nental Land Res., LLC et al.,* No. 3:14-cv-0281 (dismissal recommended by magistrate judge February 9, 2015); *Haskett v. Orange Energy Consultants, LLP, et al.,* No. 3:14-cv-0348.

sponded to the second motion to dismiss, and Cinco replied. (Docket Entry Nos. 29, 30).

Based on the amended complaint; the motion to dismiss, the response, and reply; and the applicable law, the court grants Cinco's motion to dismiss. The reasons for this ruling are explained below.

## I. Background

Haskett is a Registered Professional Landman certified by the Association of Professional Landmen. Haskett asserts that he is "chronically unemployed," but maintains a posting on the "Looking for Work" section of the Landmen.net job search site. (Docket Entry No. 11 at 7). Haskett claims that he submitted his resume online for "several" job openings Cinco posted on Landmen.net, but received no response. (*Id.* at 8). The fact that Cinco did not hire him led him to "conclude[ ] that Cinco was engaging in discriminatory hiring practices designed and intended to exclude older, more experienced landmen." (*Id.*).

Haskett also blames a "former employee of Cinco Energy Management Group who had worked with Mr. Haskett," who allegedly told Cinco managers that he "could not recommend Mr. Haskett as he felt Mr. Haskett was not a team player and had difficulty in working with others." (*Id.* at 17-18). Cinco has identified this former employee as Cameron Bettis, and contends that Bettis worked at Cinco when he made the statements about Haskett. (Docket Entry No. 28).

Haskett sued Cinco, its unknown clients, the former Cinco employee, and nine "Jon Doughs," asserting claims for failure to hire in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, respondeat superior, and intentional interference with employment opportunities. Haskett also seeks a declaratory judgment that landmen are employ-ees rather than independent contractors. (*Id.* at 14-16). This motion to dismiss follows the pleading amendment Haskett filed in response to the motion to dismiss the original complaint.

## II. The Applicable Legal Standards

### A. Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir.2007) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice

if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (alteration in original) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558, 127 S.Ct. 1955). *Pro se* pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

■ When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v.*

*Johnson*, 247 Fed.Appx. 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))). Prior unsuccessful amendments may also justify granting dismissal with prejudice. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir.2002) (stating that "repeated failure to cure deficiencies with prior amendment" justifies denying leave to amend) (internal quotation omitted).

**B. The ADEA**

The ADEA makes it unlawful for an employer to "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

■■ The elements of a *prima facie* showing of discriminatory failure to hire under the ADEA are that: (1) the plaintiff was in the age group the ADEA protects, (2) he was qualified for the job applied for, (3) he was rejected for the job despite his qualifications, and (4) he was rejected under circumstances giving rise to an inference of unlawful discrimination. *Leal v. McHugh*, 731 F.3d 405, 411 (5th Cir.2013) (quoting *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir.2003)). A plaintiff alleging discrimination under the ADEA has the burden of proving that age was the "but-for" cause of the failure to hire. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009).

■ A complaint need not establish the *prima facie* elements to withstand dismissal. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir.2013). But a plaintiff

must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

## III. Analysis

### A. The Claim of Discriminatory Failure to Hire

Haskett alleges that he is a qualified landman, he is 57, he maintained a posting on the "Looking for Work" section of Landmen.net, and he applied for several job openings Cinco posted on the site. Cinco did not respond when Haskett submitted his resume online to posted job openings. He also alleges that 65 percent of Cinco's employees were under 40. These allegations do not state a claim for age discrimination. Haskett has failed to allege what specific jobs he applied for, that he was qualified for those jobs, or that someone younger than him was hired instead.

Haskett also fails to allege that his age was the but-for reason for Cinco's failure to hire him. Instead, he alleges that one reason he was not hired was that a former Cinco employee told Cinco's management that Haskett was not a team player. (Docket Entry No. 11 at 17–18). This allegation undermines any claim that he was not hired because of his age and makes it implausible to infer that unlawful discrimination was the "but-for" cause. *Iqbal*, 556 U.S. at 682, 129 S.Ct. 1937; *Twombly*, 550 U.S. at 567, 127 S.Ct. 1955; *see also 16630 Southfield Ltd. P'ship. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir.2013) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." "[T]he existence of obvious alternative explanations simply illustrates the unreasonableness of the inference sought and the implausibility of the claims made.")

The facts Haskett alleges do not show any connection between his age and Cinco's failure to hire him. Haskett's allegation that Cinco's failure to respond to his online resume submissions is speculative and conclusory. Haskett's age discrimination claims are dismissed, without leave to amend, because amendment would be futile.

Haskett's related claim for a declaratory judgment that all landmen are not independent contractors but "employees" subject to the ADEA is also dismissed. Because Haskett does not allege a plausible claim for relief under the ADEA, there is no actual or ripe controversy supporting jurisdiction over the derivative declaratory judgment claim. *See Okpalobi v. Foster*, 244 F.3d 405, 434 (5th Cir.2001). Both the ADEA and declaratory-judgment claims are dismissed without leave to amend, because, as shown by Haskett's earlier amendment, further opportunities to amend would be futile.

### B. The Tortious Interference Claim

Haskett asserts claims of "intentional interference with employment opportunities" against the "unknown former Cinco employee." (Docket Entry No. 11 at 17–18). This claim is analyzed as a claim for tortious interference.

"[T]o recover for tortious interference with a prospective business relation a plaintiff must prove that the defendant's conduct was independently tortious or wrongful." *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex.2001). The plaintiff must allege that: (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plain-

tiff injury; and (5) the plaintiff suffered actual damage or loss as a result. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex.2013), *reh'g denied* (Feb. 14, 2014); *Premier Research Labs, LP v. Nurman*, No. A–13–CA–069–SS, 2014 WL 978477, at *2 (W.D.Tex. Mar. 12, 2014). Haskett has not made such allegations. He conclusorily alleged that the former employee's statement about him was "defamatory." But he did not allege facts that, if proved, would show that he had a reasonable probability of being hired by Cinco if the former employee had not described him negatively. Nor has he alleged facts that would show that the former Cinco employee made the statements intending to interfere with Cinco's responses to Haskett's online resume submissions. This claim is also dismissed, again without leave to amend.

### C. The Respondeat Superior Claim

Haskett also asserted claims for "respondeat superior," but this is not an independent cause of action. *Turner v. Upton Cnty., Tex.*, 915 F.2d 133, 138 (5th Cir.1990). And if Haskett alleges that unknown Cinco clients instructed the company to discriminate on the basis of age in hiring, this conclusory allegation does not satisfy the pleading standards required to survive dismissal under Rule 12(b)(6). This claim is also dismissed without leave to amend because further amendment would be futile.

### III. Conclusion

Cinco's motion to dismiss, (Docket Entry No. 21), is granted, without leave to amend. Final judgment is separately entered.